PHILLIPS *v.* PHILLIPS.

5-500                                  272 S. W. 2d 433

Opinion delivered November 15, 1954.

*Eugene Coffelt,* for appellant.

*Vol T. Lindsey,* for appellee.

. MINOR W. MILLWEE, Justice. The parties to this suit were husband and wife and residents of Sedgwick County, Kansas, for about four years prior to July 29, 1953. On that date appellee, Ethel Irene Phillips, was granted a decree of divorce from appellant, Clyde M. Phillips, by the District Court of Sedgwick County, Kansas. Under the terms of the decree appellant was required to convey to appellee 20 acres of land located in Benton County, Arkansas, and appellee was required to convey to appellant 10 acres in the same county. Both tracts had formerly been held by the parties as an estate by the entirety, having been so acquired in 1927 and 1945. Upon appellant's refusal to execute a deed he was adjudged guilty of contempt and sentenced to 60 days in jail on the date of the decree. After serving about 4 hours he executed and delivered the deed to appellee and was released from jail. Appellee also executed and delivered her deed to appellant to the 10 acres as required in the decree. Appellee subsequently filed her deed for record in Benton County, Arkansas. Appellant did not appeal from the Kansas decree.

On August 4, 1953, appellant filed the instant suit in the Chancery Court of Benton County, Arkansas, to set aside that portion of the Kansas decree pertaining to the Arkansas lands and the two deeds executed by the parties pursuant thereto. This appeal is from a decree for appellee dismissing the complaint for want of equity.

For reversal appellant argues that since the properties were held as an estate by the entirety before the passage of Act 340 of 1947 (Ark. Stats., Sec. 34-1215)[1], the Kansas Court was without jurisdiction over the Arkansas lands and without power to dissolve the entirety estate.. Hence, says appellant, that portion of the Kansas decree affecting the Arkansas lands was an absolute nullity and the court without authority to declare

---

[1] This statute empowers chancery courts to dissolve entirety estates involved in a divorce proceeding.

appellant in contempt for refusing to comply with the order to execute the deed to appellee.

The problem before us was fully explored in the recent case of *Tolley* v. *Tolley*, 210 Ark. 144, 194 S. W. 2d 687, which involved the validity of a Kansas divorce decree that did not require the appellee-husband to execute a deed to the Arkansas lands but attempted to directly adjudicate and vest the title thereto in the appellant-wife. In holding such portion of the Kansas decree void and subject to collateral attack in this state in that case, we approved the rule stated in 27 C. J. S., Divorce, Sec. 330, as follows: "Since jurisdiction to render a judgment *in rem* inheres only in the courts of the state which is the *situs* of the *res,* a divorce decree which attempts to settle the title to lands in another state, by operating directly on the title, and not by compelling the holder of the title to convey, is void and not *res adjudicata* of the same claim in an action between the same parties and involving the same land. . . . It is well established, nevertheless, that a court of chancery, in a proper case, has power to compel a conveyance of lands situated in another country or state, where the persons of the parties interested are within the jurisdiction of the court. Such a decree in nowise affects the title to the land; it is the conveyance, not the decree, that transfers the title. The decree acts only on the person, and obedience is compelled by proceedings in the nature of contempt, attachment, or sequestration."

The rule is succinctly stated as follows in Leflar, Conflict of Laws, Sec. 120: "Although the courts of one state are wholly without power to issue any judgment or decree directly affecting title to land in another state, it is unquestionably permissible for them to issue *in personam* judgments and decrees in suits involving foreign land." In Walsh on Equity, p. 70, the author says: "The practice of compelling a defendant to convey foreign land by decree in equity developed from the *in personam* operation of the decree. The defendant was personally in the power of the court, and if he executed a conveyance under the duress of actual or threatened contempt

process, no question has ever been raised of the validity of the deed. Such conveyances have everywhere been recognized as valid." See also, 17 Am. Jur., Divorce and Separation, Sec. 449.

It is also well settled that a foreign judgment is conclusive on collateral attack except for fraud or want of jurisdiction under the full faith and credit clause of the U. S. Constitution. *Lewis* v. *United Order of Good Samaritans,* 182 Ark. 914, 33 S. W. 2d 53. Here it is undisputed that the Kansas court had jurisdiction of the subject matter of the divorce suit as well as jurisdiction of the person of the parties who were then domiciled in Kansas. The Kansas court rendered an *in personam* decree in that it required the parties to execute deeds to the lands in Arkansas. If appellant felt aggrieved by the action of the Kansas court his remedy was by appeal from the Kansas decree which is not subject to this collateral attack in the courts of this state.

The decree is affirmed.