Raynell ELLIOTT, Executrix of the
Estate of James H. TODD, deceased,
*v.* Muriel D. HARDCASTLE

80-208                                    607 S.W. 2d 381

Supreme Court of Arkansas
Opinion delivered November 10, 1980

*David H. Williams*, for appellant.

*Guy H. Jones, Phil Stratton, Guy Jones, Jr., & Casey Jones,* by: *Phil Stratton,* for appellee.

JOHN I. PURTLE, Justice. The chancellor set aside a deed from Harry Thomas to James H. Todd, deceased, as an action done for the purpose of defeating a judgment creditor's claim.

On appeal it is argued (1) that the court erred in finding that a Missouri divorce decree was a valid judgment in Arkansas; (2) that the court erred in failing to hold the quitclaim deed was a disclaimer; and (3) that the court erred in setting aside the quitclaim deed as a means of defeating the registered foreign judgment because there was no evidence of fraud.

We are unable to agree with appellant on any of the three arguments and affirm the trial court.

Appellee obtained a decree of divorce from Harry Thomas on May 19, 1975, in Toni County, Missouri. The decree granted appellee the sum of $25,000 as maintenance in gross plus $5,000 representing support for the period of one year. The decree also allowed a $500 attorney's fee and the costs of the action. This instrument was registered in the Faulkner County Chancery Court on January 16, 1976. Thereafter, a writ of execution was issued by the Faulkner Chancery Court and an automobile in the possession of Harry Thomas was attached. James H. Todd claimed ownership of the vehicle thereby excluding it from the writ of execution on the foreign judgment.

Lena Crisel died on July 3, 1976, and left a will dated May 6, 1976, in which she left Harry Thomas a life estate in a house and three lots in Mayflower, Arkansas. On July 20, 1976, Harry Thomas executed a quitclaim deed to James H. Todd, the remainderman, for the recited consideration of $1,-000. The will of Lena Crisel was admitted to probate on August 1, 1976. On June 20, 1977, appellee filed suit against Thomas and Todd to set aside the deed from Thomas to Todd. On July 2, 1979, Todd died, and the action was revived against his estate. At the trial appellee testified that the

writ of execution issued on the foreign judgment occurred during the life of Lena Crisel and that James H. Todd knew about the judgment and garnishment because he claimed ownership of the vehicle being driven by Thomas at that time. Based upon these facts the court entered a decree on April 2, 1980, ordering the deed from Thomas to Todd be set aside and held for naught. This appeal follows.

A judgment is defined in Ark. Stat. Ann. § 29-101 (Repl. 1979) as the final determination of the rights of the parties in an action. Further, Ark. Stat. Ann. § 29-115 (Repl. 1979) requires that all judgments or decrees rendered by the courts for debts, damages, costs, and execution, shall be computed, as near as possible, in dollars and cents. Ark. Stat. Ann. § 29-116 (Repl. 1979) requires that a judgment be entered upon the order book.

The record does not disclose that Harry Thomas ever contested the validity of the judgment when it was registered in the Faulkner Chancery Court. Therefore, a collateral attack at this time is too late. In any event, we have no hesitancy in stating that the Missouri decree amounted to a judgment and is entitled to full faith and credit in Arkansas. Therefore, the judgment became a lien which attached to any interest in real estate which Harry Thomas held or subsequently acquired in Faulkner County, Arkansas. The only manner in which a foreign judgment may be defeated is to prove there was fraud in the procurement of the judgment or lack of jurisdiction in the court rendering it. Neither argument was even presented here. For a full discussion on this point see *Purser* v. *Corpus Christi State National Bank*, 256 Ark. 452, 508 S.W. 2d 549 (1974).

Secondly, the appellant argues that the deed executed by Thomas to Todd amounted to a disclaimer pursuant to Ark. Stat. Ann. § 62-3202 (Supp. 1979). Lena Crisel left Harry Thomas a life estate. Her will was dated May 6, 1976, and she died on July 3, 1976. The life estate granted to Harry Thomas was conditioned upon his acceptance of said estate. James H. Todd was to receive the entire property upon the death of Thomas or upon his failure to take the life estate. It is obvious Harry Thomas did not follow the statute if he in-

tended to file a disclaimer. Even had he intended to file a disclaimer, he would have been barred from doing so, upon the facts in this case, pursuant to Ark. Stat. Ann. § 62-3208 (Supp. 1979) which denies the right to disclaim if the beneficiary is insolvent at the time of the event giving rise to the right to disclaim. In the present case a writ of execution was returned unsatisfied against Harry Thomas shortly before the death of Lena Crisel. After her death, and before the probate of her will, Thomas executed a quitclaim deed to James H. Todd. This action not only cannot be construed as a disclaimer but to the contra could be considered as an acceptance of the estate. Whatever estate Harry Thomas had was effective on the date of the death of Lena Crisel. *Webb* v. *Webb*, 111 Ark. 54, 163 S.W. 1167 (1914). Likewise, the judgment which had previously been registered in Faulkner County became a lien upon the property deeded to Todd. The execution of the quitclaim deed to Todd, who had prior knowledge of the judgment and the insolvency of the grantor, had no effect on the claim of the appellee. The judgment lien would have attached to Thomas' interest in the lands whether or not the chancellor set the deed aside.

Finally, appellant argues the court erred in finding the deed from Thomas to Todd was executed for the purpose of defeating satisfaction of the foreign judgment because there was no evidence of fraud. It is not necessary that actual fraud be alleged or proven under circumstances such as exist in the present case. Although it is apparent Thomas desired to get the property out of his name prior to the probate of the will of Lena Crisel, his effort to do so was useless. An additional fact to be considered in this case was that even after the quitclaim deed Thomas continued to reside on the property. Therefore, we hold that specific acts of intentional fraud were not required to be alleged or proven in order to hold the deed from Thomas to Todd ineffective as to the appellee. Her rights were not affected by this transaction.

Affirmed.

HICKMAN, J., not participating.