Roddy Lynn BLOSSER *v.* Sheryl Lynn BLOSSER

CA 81-16                                    616 S.W. 2d 29

Court of Appeals of Arkansas
Opinion delivered May 27, 1981

38

*Jeff Duty*, for appellant.

*John E. Jennings*, for appellee.

Tom Glaze, Judge. The appellant father appeals the Benton County Chancery Court's decision, declining jurisdiction of a habeas corpus action filed by the appellee mother and recognizing and enforcing a prior Oklahoma divorce decree which awarded custody of the parties' minor child, Toby, to appellee. In rendering its decision, the trial

court acted pursuant to the Uniform Child Custody Act (Ark. Stat. Ann. §§ 34-2701 et seq.).

The parties resided in Oklahoma when the appellant filed for divorce on February 7, 1979. Although he was first awarded custody of Toby, the court entered a second order one week later giving temporary custody to appellee. On or about April 1, 1979, appellant took physical possession of Toby and went to Canada. Appellant claims that he then moved to Rogers, Arkansas, where he and Toby have resided since May 1, 1979. On January 29, 1980, the Oklahoma court granted appellee a divorce and awarded her permanent custody of Toby. Appellant's whereabouts were unknown by appellee at the time of the divorce and he was not present when the divorce was granted.

In February, 1980, appellant filed an action in the Benton County Chancery Court seeking custody of Toby and obtained an order awarding custody on April 23, 1980. Appellee was never served with any notice of this Arkansas proceeding. Sometime after this proceeding, appellee discovered where appellant and Toby resided and filed a petition for writ of habeas corpus in the Benton County Chancery Court on August 5, 1980, requesting the court to recognize and enforce the Oklahoma decree which awarded appellee custody of Toby. After a trial on appellee's petition in September, 1980, the trial court vacated its earlier order entered on April 23, 1980, granting custody to appellant, and the court proceeded to dismiss appellee's petition and awarded custody of Toby to appellee in accordance with the Oklahoma decree and pursuant to Ark. Stat. Ann. § 34-2713. Appellant appeals the trial court's order, contending that it erred: (1) in not permitting appellant to develop evidence bearing both on the fitness of the parties and also where the best interests of the child lie; (2) in dismissing the appellee's petition, finding it had no jurisdiction and enforcing the Oklahoma decree.

At the trial, the appellant attempted to elicit testimony from witnesses to show appellee was unfit to be awarded custody of the parties' child. The court refused to hear the evidence offered by appellant, stating it must first determine

whether the court would exercise jurisdiction of the case. To determine the correctness of the court's ruling, we must first consider Ark. Stat. Ann. § 34-2706(a), which provides:

> *A court of this State shall not exercise its jurisdiction under this Act* [§§ 34-2701 — 34-2725] *if at the time of filing the petition a proceeding concerning the custody of the child was pending in a court of another state exercising jurisdiction substantially in conformity with this Act,* unless the proceeding is stayed by the court of the other state because this State is a more appropriate forum or for other reasons. [Emphasis supplied.]

Appellant argues that no action was pending in Oklahoma when the actions in Arkansas were filed. If appellant were correct in his argument, the trial court had the discretion to take jurisdiction under one of the alternative situations set forth in Ark. Stat. Ann. § 34-2703.[1] We disagree

---

[1]34-2703. Jurisdiction. — (a) A court of this State which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:

(1) this State (i) is the home state of the child at the time of commencement of the proceeding, or (ii) had been the child's home state within six (6) months before commencement of the proceeding and the child is absent from this State because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this State; or

(2) it is in the best interest of the child that a court of this State assume jurisdiction because (i) the child and his parents, or the child and at least one [1] contestant, have a significant connection with this State, and (ii) there is available in this State substantial evidence concerning the child's present or future care, protection, training, and personal relationships; or

(3) the child is physically present in this State and (i) the child has been abandoned or (ii) it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent; or

(4) (i) it appears that no other state would have jurisdiction under prerequisites substantially in accordance with paragraphs (1), (2), or (3), or another state has declined to exercise jurisdiction on the ground that this State is the more appropriate forum to determine the custody of the child, and (ii) it is in the best interest of the child that this court assume jurisdiction.

(b) Except under paragraphs (3) and (4) of subsection (a), physical presence in this State of the child, or of the child and one [1] of the

with appellant's contention. Like Arkansas, the Oklahoma courts are vested with continuing jurisdiction in child custody matters when a decree of divorce is granted. See, *Clampitt* v. *Johnson*, 359 P. 2d 588 (Okla. 1961), and *Turk* v. *Coryell*, 419 P. 2d 555 (Okla. 1966). In accordance with this legal principle, either party may choose to petition the Oklahoma court to modify or enforce its divorce decree. In fact, appellee did file such a petition in Oklahoma in February, 1979, after she was awarded temporary custody and when appellant removed Toby from the State of Oklahoma. Of course, appellant defeated appellee's attempt to enforce the Oklahoma court's order by going to Canada and then to Arkansas. Appellant's actions are exactly the type of conduct the Uniform Child Custody Jurisdiction Act is designed to prevent or counteract. The record before us clearly reflects that Oklahoma obtained jurisdiction, which is continuing over the appellant and appellee, and the jurisdiction exercised by the Oklahoma court is clearly in conformity with our Uniform Act, a prerequisite to be met under Ark. Stat. Ann. § 34-2706(a) above before our court will defer jurisdiction to another state.[2]

Once a custody decree has been rendered by another state, as the Oklahoma court did here, we must then determine whether the Arkansas court should exercise jurisdiction under § 34-2708. See, 9 Uniform Laws Annotated, Uniform Child Custody Jurisdiction Act, § 6, *Commissioner's Note*. Paragraph (b) of § 34-2708 provides:

(b) *Unless required in the intrest of the child, the court shall not exercise its jurisdiction to modify a custody decree of another state if the petitioner, without consent of the person entitled to custody, has improperly removed the child from the physical custody of the person entitled to custody* or has improperly retained

contestants, is not alone sufficient to confer jurisdiction on a court of this State to make a child custody determination.

(c) Physical presence of the child, while desirable, is not a prerequisite for jurisdiction to determine his custody. [Acts 1979, No. 91, § 3, p. —.]

[2]Oklahoma adopted the Uniform Child Custody Jurisdiction Act (10 Okla. St. Ann. § 1601 et seq.) which became effective October 1, 1980, nine days after entering of the parties' Oklahoma divorce decree.

the child after a visit or other temporary relinquishment of physical custody. If the petitioner has violated any other provisions of a custody decree of another state, the court may decline to exercise its jurisdiction if this is just and proper under the circumstances.

Appellant contends that the interests of Toby require that the Arkansas trial court permit him to present evidence which he argues shows appellee to be an unfit mother. Most of the evidence offered by appellant and excluded by the court concerned allegations that appellee lived in Oklahoma with a rather unsavory man without the benefit of holy matrimony and she had been seen frequenting taverns. There were additional allegations that appellee used obscenities on the telephone when speaking with appellant's mother and that she also threatened to kill appellant's father.

We do agree with appellant that under § 34-2708(b) the Arkansas court could exercise jurisdiction irrespective of the prior Oklahoma decree if Toby's interests so warranted. However, in the case of an improper removal or retention under § 34-2708(b), the refusal of jurisdiction is mandatory unless the harm done to the child by a denial of jurisdiction outweighs the parental misconduct. See, 9 Uniform Laws Annotated, Uniform Child Custody Jurisdiction Act, § 8, *Commissioner's Note*. The misconduct attributed to appellant in the instant case is not limited to his surreptitious removal of Toby to Canada and Arkansas. Upon filing his custody action in Arkansas in February, 1980, appellant intentionally misrepresented to the court that he did not know the whereabouts of appellee and that her last known address was 519 East Center, Alva, Oklahoma, the residence of appellant's aunt and uncle. Appellant admitted that appellee had never lived with his aunt and uncle. In this same custody action, he also failed to give the court information required by Ark. Stat. Ann. § 34-2709 and in so doing, failed to inform the court of the prior Oklahoma custody action and the addresses where and the persons with whom Toby had lived in the past five years.

As to the issue of what harm might come to Toby if we

affirm the trial court's decision to decline jurisdiction, we see little merit in appellant's argument. Appellant admits that most of his witnesses concerning appellee's alleged unfitness are located in Oklahoma. The parties were residents of Oklahoma when appellant filed for divorce. The Arkansas trial court determined from the testimony of appellant and appellee that evidence to be presented by each was more readily available in Oklahoma. It is only because appellant improperly departed from Oklahoma in the first place that Arkansas has any contacts which could result in any relevant evidence to the parties' quest for custody of Toby. We also find it significant that there was no evidence, including that offered by appellant and excluded by the trial court, which would indicate any immediate danger to Toby. In so finding, we do not mean to in any way countenance the misconduct or misdeeds of appellee if they are true. Because appellant charges this misconduct of appellee occurred in Oklahoma, the Oklahoma court is in a much better position to obtain the facts which bear on the fitness of the parties and the best interests of the child. We agree with appellant and hold accordingly that the trial court has a duty under the Uniform Child Custody Jurisdiction Act, including § 34-2708 (b), to consider the interests of the child and not automatically defer to a prior sister state order or decree. From the record, we conclude the court did consider Toby's interests and correctly determined they can best be protected by the court in Oklahoma.

Appellant's last contention concerns the trial court's dismissal of appellee's petition for writ of habeas corpus and enforcement of the Oklahoma decree. The appellee filed a certified and authenticated copy of the Oklahoma decree with the clerk of the trial court below. After an extended hearing, specific findings were made by the court, and the court recognized and enforced the Oklahoma decree pursuant to § 34-2713. The chancellor's findings, enforcement of the Oklahoma decree and dismissal of appellee's petition were all included in the trial court's order entered on September 22, 1980. Appellant contends the trial court erred in taking judicial notice of the law of Oklahoma in determining if it is in substantial conformity with Arkansas law, a requirement under the Uniform Child Custody

44

Jurisdiction Act. Appellant cites the case of *Wallis* v. *Mrs. Smith's Pie Company*, 261 Ark. 623, 550 S.W. 2d 453 (1977), wherein the court stated, "Arkansas courts are required to take judicial notice of the statutory laws of other states and ... it is only necessary to plead foreign law, not prove it." Accordingly, appellant argues appellee did not plead Oklahoma law, and for this reason, the court should not have considered it. We disagree. Throughout the petition of appellee, she pled that the Arkansas court should give full faith and credit to the prior Oklahoma decree, and it is clear from the pleading that Oklahoma law was in issue. The Uniform Child Custody Jurisdiction Act does not require a party to plead a sister state's law. Even in cases where Arkansas law requires a party to give notice in his pleading if he intends to rely on another state's law, our courts have held that no such specific notice is required if this inference can be found from the party's pleading. See, *Yarbrough* v. *Prentice Lee Tractor Company*, 252 Ark. 349, 479 S.W. 2d 549 (1972); Rule 44.1, *Arkansas Rules of Civil Procedure*.

Affirmed.