Esther RODRIGUEZ *v.* Kathy Ann SAUCEDO

CA 81-82                                            621 S.W. 2d 874

Court of Appeals of Arkansas
Opinion delivered October 7, 1981

*Law Offices of Charles R. Garner,* by: *Jim Mathieson,* for appellant.

No brief for appellee.

GEORGE K. CRACRAFT, Judge. This is a Uniform Child Custody Jurisdiction Act case in which the appellant, Esther Rodriguez, appeals from an order of the Sebastian County Chancery Court which refused full faith and credit to a prior order of the District Court of McLennan County, Texas, by which order custody of Gena Marie Saucedo, a minor, had been placed with her. The Arkansas court, in so refusing placed the minor in the custody of appellee, Kathy Ann Saucedo, the child's natural mother. Appellant contends that in so doing the chancellor ignored the provisions of Ark. Stat. Ann. § 34-2701 et seq. (Supp. 1981). We agree.

The natural parents of the child were married in Bossier City, Louisiana, in 1978. Both parties had resided in that city for a considerable period prior to their marriage. The minor child, Gena Marie, was born in that city in 1979. Although separated from her husband Cipriano on several occasions, appellee and the child continued to reside in Bossier City until January 1980 when she took the child to her mother's home in Fort Smith, Arkansas. After a month in that city a reconciliation was effected with Cipriano and in February 1980 they moved to Waco, Texas, where they resided in the home of his aunt, the appellant herein. Both parents and the child resided in Waco for a period of five months thereafter.

Both before and after moving to Waco the Saucedos discussed placing the custody of Gena Marie with appellant as Cipriano apparently did not care to have the child in their household. The appellee finally agreed and on March 19, 1980, the District Court in McLennan County, on joint petition signed by the Saucedos and appellant Rodriguez, entered an order placing the custody of the child in appellant, granting specific visitation to the natural parents. That order recited all facts necessary to support its finding that it had jurisdiction of the persons and subject matter of that action.

On May 30, 1980, as a result of further marital difficulties, the appellee, without the knowledge or consent of the appellant, removed the child to the State of Oklahoma and subsequently to the home of her mother in Fort Smith, Arkansas. Ten days later she filed an action for separate maintenance and custody of the minor child in Sebastian County, Arkansas. Only her husband, Cipriano, was made a party to that suit and the Texas custodial decree was not mentioned.

On June 22nd the appellant intervened in that action praying for a writ of habeas corpus upon the Texas custodial order. The chancellor dismissed the separate maintenance action for lack of residence requirements but assumed jurisdiction on the question of custody of the minor child. At a later hearing the chancellor found that he had jurisdiction to proceed under the Uniform Child Custody

Jurisdiction Act; that the Texas decree had been obtained by overreaching and was therefore not entitled to full faith and credit. The Court then found that appellee was a proper and fit person to have custody of the minor and vested custody in appellee and dismissed appellant's habeas corpus petition.

We cannot agree that the Texas decree was not entitled to full faith and credit based on the finding that appellee had been overreached. Under the United States Constitution, Article IV, Section 1, foreign judgments and decrees are conclusive on collateral attack except for the defense of fraud in the procurement of the judgment or want of jurisdiction in rendering it. *Purser* v. *Corpus Christi State National Bank*, 256 Ark. 452, 508 S.W. 2d 549 (1974); *Elliott, Ex'x* v. *Hardcastle*, 271 Ark. 90, 607 S.W. 2d 381 (1980).

The evidence on which the chancellor acted tended to show that appellee was influenced in signing the petition and entering her appearance in the Texas court out of fear of her husband and influence of appellant. There was no evidence of any extrinsic fraud practiced on the court itself in the procurement of the decree. This does not fall within those categories of conduct for which judgments may be collaterally attacked. *Hendrickson* v. *Farmers' Bk. & Trust Co.*, 189 Ark. 423, 73 S.W. 2d 725; *Baskin* v. *Baskin*, 238 Ark. 298, 381 S.W. 2d 442 (1964).

The jurisdiction of the Texas court of the person and subject matter in the action before it was not questioned. Appellee entered her appearance in the Texas proceeding for all purposes. In this respect it is distinguished from our recent opinion in *Pawlik* v. *Pawlik*, 2 Ark. App. 257, 620 S.W. 2d 310 (1981), in which we held that an Arkansas trial court was not required to give full faith and credit to an Illinois custody order nor defer jurisdiction to that court under the Uniform Child Custody Jurisdiction Act where the Illinois court had never acquired sufficient jurisdiction of the person as would empower it to decide the issue of custody in the first instance.

However, awards of child custody, while entitled to full faith and credit under the United States Constitution, are res

judicata only as to fact as they existed and were adjudicated between the parties before the court at the time the decree was entered. Changes in those facts and circumstances subsequent to such a decree may become the basis for a new adjudication or modification of an award made in a sister state. *Hamilton* v. *Anderson,* 176 Ark. 76, 2 S.W. 2d 673.

It cannot, therefore, be questioned that our courts do have authority in proper circumstances to modify foreign custodial decrees. However, since its enactment, the Uniform Child Custody Jurisdiction Act has restricted the circumstances under which the authority should be exercised. Ark. Stat. Ann. § 34-2706 (a) provides as follows:

> A court of this state shall not exercise its jurisdiction under this act (§ 34-2701 thru 34-2725) if at the time of filing the petition a proceeding concerning the custody of the child was pending in a court of another state exercising jurisdiction substantially in conformity with this Act, unless the proceeding is stayed by the court of the other state because this State is a more appropriate forum or for other reasons.

Texas had adopted the Uniform Act and was exercising its jurisdiction in conformity with an act substantially the same as our own. Like Arkansas, the State of Texas has vested its courts with continuing jurisdiction in custody matters arising under that act. Tex. Fam. Code Ann. § 11.01 et seq. (Vernon 1975). Clearly the prerequisites for deferring to the Texas court were met unless the circumstances fall into some exception provided in the act. We cannot so find.

It is undisputed here that appellee brought the child into this state without the knowledge or consent of the court appointed custodian. Section 34-2708 (b) provides:

> Unless required in the interest of the child, the court *shall not exercise its jurisdiction to modify a custody decree of another state if the petitioner, without consent of the person entitled to custody, has improperly removed the child from the physical custody of the person entitled to custody* or has improperly retained

the child after a visit or other temporary relinquishment of physical custody. If the petitioner has violated any other provision of a custody decree of another state, the court may decline to exercise its jurisdiction if this is just and proper under the circumstances (Emphasis supplied.)

In *Blosser* v. *Blosser,* 2 Ark. App. 37, 616 S.W. 2d 29 (1981), we held that although the trial court has a duty under that section to consider the interest of the child and not automatically defer to a prior sister state order or decree, the provisions of that act for refusal of jurisdiction are mandatory unless the harm done to the child by denial of jurisdiction outweighs the parental misconduct. Here the evidence did not indicate that the child was in danger of any physical or moral harm or that it would be detrimental to her welfare in any way should the Arkansas court defer to the originally acquired jurisdiction of the Texas court. It is to be noted that at the time this court assumed jurisdiction the child had been a resident of Texas for over five months and had been physically present in Arkansas for only ten days. The only change in circumstances at that time was that the child had been wrongfully removed to the State of Arkansas without the consent or approval of her court appointed custodian.

Under the Uniform Act a determination as to whether or not our courts should assume and exercise jurisdiction in such cases should be made upon the circumstances as they exist at the time the petition seeking to invoke that jurisdiction is made. It is apparent from the record that all of the facts and circumstances considered by the chancellor in determining appellee's fitness and her abilities to advance the interest of her child occurred during the interim between the filing of the petition and the date of the hearing.

Under the facts and circumstances clearly reflected by this record we conclude that the chancellor erred in not declining jurisdiction and not deferring to the prior acquired jurisdiction of the Texas court.

Reversed and remanded.