Susan L. CELLA (GARGAIN) *v.*
John T. CELLA

CA 83-442                                    671 S.W.2d 764

Court of Appeals of Arkansas
Division I
Opinion delivered July 5, 1984

*Virginia (Ginger) Atkinson,* for appellant.

*Friday, Eldredge & Clark,* by: *Barry E. Caplin,* for appellee.

LAWSON CLONINGER, Judge. The single issue on this appeal is whether the chancellor erred in denying full faith and credit to a New York court's award of custody of a divorced couple's two children to the mother.

Appellant, the mother of the children, and appellee, the father, were divorced in New York in 1979. At that time appellant was admittedly suffering physical and psychological problems, and appellee was awarded temporary custody. In 1980 appellant moved for an order directing that she be awarded custody. The Supreme Court, Putnam County, New York, granted her motion, but the Appellate Division reversed, holding that the fact that the mother had by that date become a suitable parent did not constitute sufficiently changed circumstances. *Cella* v. *Cella,* 439 N.Y.S.2d 219 (1981). The matter was returned to the trial

court for the determination of appellant's visitation rights.

In the meantime, appellee and the two children had moved to Atlanta, Georgia. Appellant last saw her children in March 1982, when they had been sent to New York for a visit. Appellant was unable to communicate with appellee after his telephone in Atlanta was disconnected and he had apparently moved. A private investigator in Atlanta informed appellant of appellee's presence in Little Rock. In October, 1982, appellant filed an action in Putnam County, New York, seeking a change of custody; notice was served on appellee's counsel of record. Appellee did not appear, and an order was issued in June, 1983, awarding custody to appellant, who then filed her New York order as a foreign judgment in Pulaski County, Arkansas, Chancery Court on July 13, 1983. On July 15, 1983, appellant obtained a writ of habeus corpus against appellee, who, on the same day, filed a motion for relief on the grounds that the order was procured by fraud and that the New York court lacked personal jurisdiction over him.

The matter was heard in the Arkansas court on July 18, 1983, and the special chancellor held that the New York order was not entitled to full faith and credit in the state of Arkansas because of the New York court's failure to acquire personal jurisdiction over appellant by proper service of process in compliance with the laws of the States of New York and Arkansas and the due process requirements of the United States Constitution. From that ruling this appeal arises. We find no error and we affirm.

Under the full faith and credit clause of the United States Constitution, Art. 4, § 1, a foreign judgment is as conclusive on collateral attack, except for defenses of fraud in the procurement of the judgment or want of jurisdiction in the rendering court, as a domestic judgment would be. *Purser* v. *Corpus Christi State National Bank,* 256 Ark. 452, 508 S.W.2d 549 (1974); *Phillips* v. *Phillips,* 224 Ark. 225, 272 S.W.2d 433 (1954). A judgment entered by default, such as the one in the present case, is entitled to full faith and credit, except for the defenses mentioned above, and is as conclusive against collateral attack as any other judgment. *Purser,*

*supra.* Because the chancellor's denial of full faith and credit was based on the asserted absence of personal jurisdiction on the part of the New York court, we need only determine if the service of notice was defective.

The New York Supreme Court, Putnam County, found that appellant and her children had a significant connection with New York and that it would be in the best interests of the children for jurisdiction to be retained. Further, the court said in its order awarding appellant custody that appellee's serious misconduct in severing communication and visitation between appellant and her children constituted sufficiently changed circumstances to terminate appellee's right to custody. Service upon appellee's attorney in the previous litigation was deemed adequate notice.

Both Arkansas and New York have adopted the Uniform Child Custody Jurisdiction Act, the general purpose of which are set out in Ark. Stat. Ann. § 34-2701 (Supp. 1983), as follows:

> (1) [to] avoid jurisdictional competition and conflict with courts of other states in matters of child custody which have in the past resulted in the shifting of children from state to state with harmful effects of their well-being;

> (2) [to] promote cooperation with the courts of other states to the end that a custody decree is rendered in that state which can best decide the case in the interest of the child'

> (3) [to] assure that litigation concerning the custody of a child take place ordinarily in the state with which the child and his family have the closest connection and where significant evidence concerning his care, protection, training, and personal relationships are most readily available, and that courts of this State decline the exercise of jurisdiction when the child and his family have a closer connection with another state;

> (4) [to] discourage continuing controversies over child custody in the interest of greater stability of home

environment and of secure family relationships for the child;

(5) [to] avoid re-litigation of custody decisions of other states in this State insofar as feasible.

The denial of full faith and credit to a foreign court order issued under the shield of the UCCJA should not be made without an awareness of the strong policy considerations which prompted the adoption of the Act.

At issue are the notice provisions of the Arkansas and New York acts. Ark. Stat. Ann. § 34-2705(a) (2) (Supp. 1983) reads as follows:

(a) Notice required for the exercise of jurisdiction over a person outside this State shall be given in a manner reasonably calulated to give actual notice, and may be: . . .

(2) in the manner prescribed by the law of the place in which the service is made for service of process in that place in an action in any of its courts of general jurisdiction . . .

New York's Dom. Rel. Law § 75-f(1) (McKinney 1983) provides that:

(1) If a person cannot be personally served with notice within the state, the court shall require that such person be served in a manner reasonably calculated to give actual notice, as follows:

(a) by personal delivery outside the state in the manner prescribed in section three hundred thirteen of the civil practice law and rules;

(b) by any form of mail addressed to the person and requesting a receipt; or

(c) in such manner as the court, upon motion, directs, including publication, if service is impracticable under paragraph (a) or (b) of subdivision one of this section.

Appellant in this case availed herself of the option codified in subdivision (c) of Dom. Rel. Law § 75-f. The question remains whether the methods required by subdivisions (a) and (b) were indeed "impracticable."

The record reveals that for a period of about four months appellant did not know of her former husband's whereabouts. By September, 1982, through the efforts of a private investigator, she learned that he was in Little Rock. In October, 1982, she filed her motion for change of custody and served notice on appellee's New York attorney, who, the next day, applied to the court to be relieved as counsel. The attorney stated that he no longer represented appellee and that he did not know appellee's whereabouts. The lawyer's motion was denied and the matter proceeded. By December, 1982, appellant's mother, with whom appellant maintains a close relationship, was in correspondence with appellant's children at an address in Little Rock. The order mandating a change of custody was not issued until June, 1983. Thus, appellant had over six months in which to serve in a manner reasonably calculated to give actual notice.

In *Pawlik* v. *Pawlik*, 2 Ark. App. 257, 620 S.W.2d 310 (1981), we denied full faith and credit to an Illinois child custody judgment where one party failed to comply with Arkansas law regarding proper notice, despite the fact that both states employed the UCCJA. We focused on the Arkansas law because the party had served notice by publication, a procedure allowed under the Arkansas act but not recognized in Illinois. Here, service upon an attorney is permitted under New York Civil Practice Law and Rules 2103(b) and, apparently, under the inclusive language of Dom. Re. Law § 75-f(1) (c), if directed by the court. Arkansas law recognizes as adequate notice given "in the manner prescribed by the law of the place in which the service is made." Hence, in the instant case, we must look for compliance with the New York statutes.

In *Cann* v. *Cann*, 127 N.Y.S.2d 55 (1954), the New York court held that a husband remained bound by an attorney's representation of record when the attorney had appeared for him in his wife's divorce action so that even if he had ended

the attorney-client relationship, the wife could still serve motion papers upon the attorney. This situation is somewhat analogous to the present case, where the attorney for appellee contended that the attorney-client relationship no longer existed. Nonetheless, the fact remains that for half a year, this appellant had reason to know of appellee's Little Rock address. The New York Supreme Court's Appellate Division held in *Simens* v. *Sedrish*, 440 N.Y.S.2d 687 (App. Div. 1981), that a party who sought to effect expedient service in an action to set aside the conveyance of real property failed to make a showing that other prescribed methods of service could not be made and that service was ineffective. Such considerations are yet more compelling in the instance of a change of custody action.

We therefore affirm the special chancellor's refusal to grant full faith and credit to the New York custody decree.

MAYFIELD, C.J., and COOPER, J., agree.