**James Denis BOLGER, Appellant,**

v.

**Loring Ann Doyle BOLGER, Appellee.**

**No. 13–83–489–CV.**

Court of Appeals of Texas,
Corpus Christi.

Sept. 6, 1984.

Rehearing Denied Oct. 4, 1984.

William E. Corcoran, McAllen, for appellant.

James S. Bates, Edinburg, for appellee.

Before NYE, C.J., and GONZALEZ and SEERDEN, JJ.

OPINION

GONZALEZ, Justice.

This is a child custody case. Appellant's suit for divorce and custody of his children was dismissed by the trial court on the basis of a prior custody decree in favor of appellee issued by a New York court. Appellant alleges that the trial court abused its discretion in dismissing the case. We affirm.

Because of the unique nature of the case, a complete discussion of the facts is necessary. Appellant and appellee are husband and wife and are the parents of two children, ages five and seven. Appellant, for various reasons, including business, resides in McAllen, Texas. Appellee is a resident of New York, New York, as are the children. It is undisputed that the children have resided since birth with appellee in the family home in New York. Prior to filing his divorce and custody action in Texas, appellant would occasionally return to New York to be with appellee and the children.

In March of 1983, the children were with appellant in Texas for a short visit during the Easter holidays. With the children in his possession, appellant filed for divorce in Texas and appellee was personally served with process when she came to pick up the children. Concurrent with the filing of the divorce and custody action, appellant obtained temporary orders naming him as managing conservator of the children and temporarily restraining appellee from interfering with his possession of the children. On April 8, 1983, an agreed order continuing the temporary orders was entered.[1]

On April 26, 1983, appellee commenced a divorce action in New York and perfected service on appellant. Appellant moved to dismiss or stay the New York action based on the existence of the prior Texas suit. The New York trial court denied appellant's motion, and an intermediate appellate court in New York also refused to stay the New York proceeding. On July 6, 1983, appellee then proceeded to obtain a final judgment on the issue of custody, a procedure allowed by New York law. On July 8, 1983, after obtaining the New York custody order, appellee attempted to enforce the order in Texas by writ of habeas corpus. The habeas corpus hearing was docketed in a separate court in Hidalgo County and heard by another judge. On July 22, 1983, the writ of habeas corpus was denied.

On August 25, 1983, appellee filed a motion to dismiss the pending Texas divorce action, which was scheduled for final hearing on August 26, 1983. The basis for appellee's motion was the prior activities of the New York courts.

After a lengthy hearing, the trial court orally agreed to grant appellee's motion to dismiss. The trial court then recessed the proceedings for two hours to allow the attorneys to gather authorities on the question of the immediate custody of the children. During the recess, appellee and her New York attorney went to the children's school, took the children, and returned to New York. The trial court subsequently signed an order dismissing appellant's petition and appellant perfected this appeal. Appellee did not file a brief.

In his first three points of error, appellant complains generally of the trial court's action in dismissing his petition. Specifically, appellant complains that the trial court's action in dismissing his divorce cause of action was a denial of due process, was an improper use of full faith and credit, and constituted a violation of the Parental Kidnapping Act, 28 U.S.C.S. § 1738A (Law Co-Op. Supp.1984).

This case is controlled by the provisions of the Parental Kidnapping Act. The Parental Kidnapping Act, which became effective July 1, 1981, was passed into law precisely to prevent the type of scenario presented by this appeal. *See* Dorsaneo, *Due Process, Full Faith and Credit, and Family Litigation,* 36 Sw.L.J. 1085 (1983).

1. The agreed order is signed by an attorney purporting to act on appellee's behalf; however, other evidence in the record before us casts doubt as to the attorney's authority to act on appellee's behalf in executing the agreed orders.

There are three sections of the Parental Kidnapping Act which are dispositive of this appeal.

Section (b)(4) provides:

"home State" means the State in which, immediately preceding the time involved, the child lived with his parents, a parent, or a person acting as parent, for at least six consecutive months, and in the case of a child less than six months old, the State in which the child lived from birth with any of such persons. Periods of temporary absence of any of such persons are counted as part of the six-month or other period;

Section (c) provides:

A child custody determination made by a court of a State is consistent with the provisions of this section only if—

(1) such court has jurisdiction under the law of such State; and

(2) one of the following conditions is met:

(A) such State (i) is the home State of the child on the date of the commencement of the proceeding. . . .

■ It is undisputed, and the New York court found, that the "home state" of the children was New York. Therefore, under the jurisdictional provisions of section (c)(1) and (c)(2), the Texas court could not acquire jurisdiction over the children. *See Boyd v. Boyd,* 653 S.W.2d 732 (Tenn.App.1983). The New York court properly had jurisdiction over the children under the Parental Kidnapping Act and exercised that jurisdiction on the issue of custody. The Texas court correctly dismissed the divorce action, at least as to the question of custody. We have not been asked to review the propriety of the trial court's action in dismissing the entire petition and express no opinion as to the propriety of the dismissal of the divorce aspects of the case.

Appellant has cited us the case of *Thornlow v. Thornlow,* 576 S.W.2d 697 (Tex.Civ. App.—Corpus Christi 1979, no writ) *cert. denied,* 445 U.S. 949, 100 S.Ct. 1596, 63 L.Ed.2d 784 (1980), as authority for the proposition that a Texas court may assert jurisdiction over the custody of a child who is physically present in this State. We note that this decision is prior to the enacting of the Parental Kidnapping Act. We believe that, at the time of the hearing herein, Texas courts were obligated to follow the federal law on this question.[2]

Appellant also argues that subsection (g) of the Parental Kidnapping Act mandates that the Texas action be designated the dominant cause. Section (g) states:

A court of a State shall not exercise jurisdiction in any proceeding for a custody determination commenced during the pendency of a proceeding in a court of another State where such court of that other State is exercising jurisdiction consistently with the provisions of this section to make a custody determination.

Section (g) mandates no interference where a state court is exercising jurisdiction consistent with the provisions of the Parental Kidnapping Act. As stated before, the Texas action was not consistent with the provisions of the Parental Kidnapping Act because the children's "home state" was New York.

We find no violation of due process in the trial court's dismissal of the appellant's divorce action. Appellant's points of error one through three are overruled.

■ In his fourth and fifth points of error, the appellant complains of the action of the trial court in considering the action of the New York court absent a motion as required by Tex.R.Civ.P. 184a (Vernon 1976).[3] Appellant further argues that,

2. We note that two days after the hearing in this case and two days before the trial court's order of dismissal was signed, the Uniform Child Custody Jurisdiction Act, TEX.FAM.CODE ANN. §§ 11.51, et seq. (Vernon Supp.1984) became effective. It is apparent from a reading of the Texas Act that it is consistent with the Parental Kidnapping Act and, in fact, is identical to the

Parental Kidnapping Act on the issue of jurisdiction, § 11.53(a).

3. At the time of the hearing, Tex.R.Civ.P. 184a (Vernon 1976) generally provided that on motion of either party, the court could take judicial notice of foreign law and the trial court was obligated to give the adverse party such Notice

without a proper motion to take judicial notice of New York law, Texas law applied and the New York judgment was not a final and enforceable judgment in Texas. While we would agree that the appellee failed to properly bring the question of New York custody law before the court, we find that the error was harmless. Tex.R. Civ.P. 434. All that was necessary to be proven under the Parental Kidnapping Act was that a "custody determination" existed from the New York court. 28 U.S.C.S. § 1738A(a). This was done through the exhibits offered into evidence by appellee. Appellant's points of error four and five are overruled.

The judgment of the trial court is affirmed.

as the judge deemed necessary to enable the party to prepare to meet the request. This rule was repealed and the identical rule is now found in TEX.R.CIV.P. 184.