**Maia MASON, Relator,**

v.

**Honorable Robert E. BARTON, Respondent.**

**No. 04–85–00285–CV.**

Court of Appeals of Texas, San Antonio.

Jan. 22, 1986.

Thomas S. Terrell, Kerrville, for relator.

Robert Barton, Kerrville, for appellee.

Before CADENA, C.J., and ESQUIVEL and DIAL, JJ.

## ON ORIGINAL PETITION FOR WRIT OF MANDAMUS

PER CURIAM.

Relator, Maia Mason, seeks to have this court order the trial judge of the 216th District Court in Bandera County, to proceed to trial and judgment on her motion to modify managing conservator.[1]

Maia Mason and Bruce Mason obtained a divorce in Oregon in 1979. Bruce Mason was awarded custody of the parties' minor son, Joshua. Maia Mason subsequently moved to Texas but apparently continued regular visits with Joshua. In January 1985 Joshua left his father in Oregon, without his father's consent, and went to his mother in Texas to live. Joshua is eleven years old. A month after Joshua's appearance in Texas, Maia Mason petitioned the Bandera County District Court for a modification of custody. She alleged the child is physically present in the state and there is a serious and immediate question concerning the child's welfare. TEX.FAM. CODE ANN. § 11.53(a)(3)(B) (Vernon Supp. 1986).

Bruce Mason filed an application for habeas corpus in the Bandera County court in a separate action and subsequently filed a plea in abatement to the motion to modify, contending the Oregon court has continuing jurisdiction and alleging he had previously filed application for writ of habeas corpus.[2] The two causes were consolidated.

---

1. In the alternative, relator asks that we order the trial court to hear evidence concerning the jurisdictional requisites of TEX.FAM.CODE ANN. § 11.53 (Vernon Supp.1985) and that we direct the trial court to continue the temporary orders entered under the writ of habeas corpus.

2. Apparently, Bruce Mason obtained a writ of habeas corpus from the Oregon court which

The trial court held a hearing on the consolidated causes. However, the trial court refused to hear evidence concerning the jurisdictional facts relator must prove to establish jurisdiction under the Uniform Child Custody Jurisdiction Act (TEX.FAM. CODE ANN. § 11.51 et seq. (Vernon Supp. 1986)). The court granted Bruce Mason's plea in abatement and then continued with the hearing on the habeas corpus. During the habeas corpus portion of the hearing the parties stipulated, "that with regard to the possible return of the child to the father, there is a serious immediate question concerning the welfare of the child within the meaning of 14.10 of the Family Code." The trial court granted Bruce Mason's writ of habeas corpus and entered temporary orders that Maia Mason be temporary managing conservator of Joshua until August 5, 1985, or until she obtains relief from the Oregon court, whichever occurs first.

█ Maia Mason perfected an appeal (Cause No. 04–85–00301–CV) and sought this mandamus under Supreme Court and Courts of Appeals—Jurisdiction and Mandamus, ch. 839, § 3, 1983 Tex.Gen.Laws, Local & Spec. 4767, 4768, *repealed by* Act of June 13, 1985, ch. 480, § 26, 1985 Tex. Gen.Laws 3363, 4086.[3] Mandamus will not issue when the acts complained of are discretionary with the trial court unless the record clearly indicates the trial court abused its discretion. *Maresca v. Marks,* 362 S.W.2d 299, 301 (Tex.1962).

█ The trial court has the duty to hear an application for writ of habeas corpus concerning the proper legal custodian of the child and to make its determination solely on the basis of who, at that time, has the legal right to custody pursuant to a valid court order. *Greene v. Schuble,* 654 S.W.2d 436, 438 (Tex.1983); TEX.FAM. CODE ANN. § 14.10(a) & (b) (Vernon Supp.1986). Pursuant to its power to grant the writ of habeas corpus, the trial court may enter temporary orders if it finds

there is a serious and immediate question concerning the welfare of the child. TEX. FAM.CODE ANN. § 14.10(c) (Vernon Supp.1986). The parties stipulated to the existence of such a question and the court accordingly entered appropriate temporary orders.

Relator urges we must direct the trial court to assume jurisdiction. TEX.FAM. CODE ANN. § 11.53 (Vernon Supp.1986) provides that a trial court has jurisdiction in a suit affecting the parent-child relationship if, among other instances not pertinent here, the child is physically present in the state and "(A) the child has been abandoned; or (B) it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or there is a serious and immediate question concerning the welfare of the child...." It is within the trial court's discretion to assume jurisdiction over the matter and we cannot say the trial court so clearly abused its discretion as to warrant our direction.

█ Further, the child lived in Oregon with his father for at least six consecutive months during the time immediately preceding the period involved here. Oregon is the home state of the child, as defined by section 11.52(5), and Oregon is the proper jurisdiction in which to determine the modification issue.

The petition for writ of mandamus is denied.

---

directed relator to return the child. The Oregon court has apparently held relator in contempt for her failure to return the child.

3. The provision has been recodified at TEX. GOV'T CODE ANN. § 22.221 (Vernon Supp. 1986).