Carolyn Johnson PORTER, Appellant,

v.

Ligette JOHNSON, Appellee.

No. 13–86–077–CV.

Court of Appeals of Texas,
Corpus Christi.

June 5, 1986.

William M. Porter, San Antonio, for appellant.

Gary W. Javore, San Antonio, for appellee.

Before NYE, C.J., and UTTER and SEERDEN, JJ.

OPINION

UTTER, Justice.

This is an appeal from the trial court's order dismissing appellant's suit for want of jurisdiction. We affirm the trial court's dismissal.

Appellant filed suit in the 45th District Court of Bexar County, Texas, seeking to obtain an order modifying a child custody order entered by the General Court of Justice, District Court Division, Richmond County, North Carolina. Appellant is the natural mother of the minor child and appellee is the adoptive father of the child. Appellant and appellee are divorced and appellant has since remarried. Appellant's present husband is a serviceman currently

stationed in Florida. Appellee lives in Rockingham, North Carolina.

■ By her first point of error, appellant contends that the trial court erred in dismissing her suit for want of jurisdiction because the child has lived in Bexar County, Texas, for more than six months prior to the commencement of her suit, relying on TEX.FAM.CODE ANN. 11.53(a)(1)(A) (Vernon Supp.1986). According to § 11.-53(a)(1)(A) "[a] court of this state that is competent to decide child custody matters has jurisdiction to make a child custody determination by initial decree or modification decree or order if ... this state ... is the home state of the child on the date of the commencement of the proceeding." "Home state" is defined as "the state in which the child immediately preceding the time involved lived with his parents, a parent, or a person acting as a parent, for at least six consecutive months." TEX.FAM. CODE ANN. § 11.52(5) (Vernon Supp. 1986).

Although appellant alleged in her petition that the child "has resided in Bexar County, Texas, for a period in excess of six (6) months," her answers to requests for admissions and her testimony given at the hearing on appellee's special appearance indicate that this allegation is untrue. Appellant filed her suit to modify the custody order on April 15, 1985. By her answers to requests for admissions, appellant admitted that in December of 1984, she and the child were living in Florida. During cross-examination, appellant testified that the child had not lived in Texas until April 1, 1985. There is no question that Texas was not the "home state" of the child for the purposes of Texas state court jurisdiction as contemplated in TEX.FAM.CODE ANN. § 11.53. *See Rodriguez v. Saucedo,* 3 Ark. App. 42, 621 S.W.2d 874 (1981).

Furthermore, there is evidence in the record which indicates that, at the time appellant filed suit, a proceeding concerning the custody of the child was pending in a North Carolina state court as late as April 22, 1985. The North Carolina proceeding was instituted by appellee and also seeks a modification of the child custody order. According to TEX.FAM.CODE ANN. § 11.56(a) (Vernon Supp.1986), a court of this state may not exercise its jurisdiction when substantially similar proceedings are already under way in a court of another state. Appellant's first point of error is overruled.

■ By her second point of error, appellant contends that the trial court erred in failing to appoint a guardian ad litem to represent the child. Once the trial court determined that it lacked jurisdiction, it had no power to take any action other than dismissal. *Parks v. Huffington,* 616 S.W.2d 641 (Tex.Civ.App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.); *Berger v. Berger,* 497 S.W.2d 453 (Tex.Civ.App.—El Paso 1973, no writ). Even if the trial court had the power to appoint a guardian ad litem to represent the child, it was a matter within the discretion of the trial court. TEX.FAM.CODE ANN. § 11.10(a) (Vernon Supp.1986). Since the sole question before the trial court was whether or not the court could exercise jurisdiction over the parties, we cannot say that the court's failure to appoint a guardian ad litem amounted to an abuse of discretion. Appellant's second point of error is overruled.

The judgment of the trial court AFFIRMED.