**Ex parte James Francis McDONALD, IV, Relator.**

No. 13–87–202–CV.

Court of Appeals of Texas, Corpus Christi.

Aug. 28, 1987.

J.A. Pietsch, Jack P. Traylor, Port Lavaca, for relator.

Mark R. Kelly, Port Lavaca, for appellee.

Before NYE, C.J., and DORSEY and KENNEDY, JJ.

## OPINION

DORSEY, Justice.

This is an original habeas corpus proceeding. Relator seeks by writ of habeas corpus to have this Court set aside an order of confinement resulting from a finding of contempt against relator for violating a court order concerning custody of his minor children. We grant the writ of habeas corpus.

Relator's wife, Rhonda McDonald, and relator and their three children resided in Mannford, Oklahoma, until December 4, 1986. Rhonda McDonald then took the three children and ultimately moved to Port Lavaca, Texas. On January 19, 1987, Rhonda McDonald filed a petition affecting the parent/child relationship in the County Court at Law in Calhoun County. In her suit Rhonda McDonald sought to be named managing conservator of the children and to obtain support from relator. Additionally, Rhonda McDonald sought temporary orders and a temporary injunction prohibiting relator from removing the children from the jurisdiction of the Court. On January 21, 1987, a hearing was held, and temporary conservatorship orders were entered appointing petitioner temporary managing conservator. Although not represented by counsel, relator was present at the January 21, 1987, hearing.

Some time thereafter, relator picked up his three children, with the permission of his wife, to visit friends in the Port Lavaca area. Instead he returned them to Oklahoma. Rhonda McDonald then filed a criminal complaint which was presented to the Calhoun County grand jury and resulted in an indictment and subsequent arrest of relator. Relator was extradited to Texas on March 25, 1987. In addition to the criminal indictment, Rhonda McDonald filed a motion for contempt in the Calhoun County Court at Law. At a hearing held on May 4, 1987, relator was held in contempt and sentenced to serve 120 days, fined $100, and ordered to pay $850 in attorney's fees to Rhonda McDonald's attorney. The Court's order of contempt finds relator in violation of its order of January 23, 1987, proscribing relator from removing the children from Calhoun County. It is this contempt order to which we address this opinion. We express no opinion as to the validity of the criminal indictment.

It is well settled that an individual may not be held in contempt for violating an order which a court had no power to enter and may not be imprisoned to compel obedience to such an order. *Ex Parte Lillard*, 159 Tex. 18, 314 S.W.2d 800 (1958); *Ex Parte Fernandez*, 645 S.W.2d 636 (Tex. App.—El Paso 1983, no writ); *Ex Parte Helle*, 477 S.W.2d 379 (Tex.Civ.App.—Corpus Christi 1972, no writ). Therefore, we must determine the validity of the trial court's order which the relator allegedly violated and was held in contempt.

Tex.Fam.Code Ann. § 11.51 et seq. (Vernon 1986), entitled the "Uniform Child Custody Jurisdictional Act," governed the trial court's action in entering the temporary orders in question. Section 11.51(a)(3) provides that one of the purposes of the act is to:

> assure the litigation concerning the custody of a child takes place ordinarily in the state with which the child and his family have the closest connection and where significant evidence concerning his care, protection, training and personal relationship is most readily available, and that courts of this state decline the exercise of jurisdiction when the child and his family have a closer connection with another state.

Section 11.53 of the code, entitled "Jurisdiction" provides in subsection (a) that "[a]

court of this state that is competent to decide child custody matters has jurisdiction to make a child custody determination by initial decree or modification decree or order if: (1) this state: (A) "is the home state of the child on the date of the commencement of the proceeding ...". *See Porter v. Johnson,* 712 S.W.2d 598 (Tex. App.—Corpus Christi 1986, no writ); *Bolger v. Bolger,* 678 S.W.2d 194 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.); *Mason v. Barton* 705 S.W.2d 284 (Tex.App.—San Antonio 1986, orig. proc.). In Section 11.52 "home state" is defined to "mean the state in which the child immediately preceding the time involved lived with his parents, a parent or a person acting as a parent, for at least six consecutive months, and in the case of a child less than six months old, the state in which the child lived from birth with any of the persons mentioned...." Under this definition and the facts as they have been presented to us in this case, it is clear that Texas was not the home state of the children at the time of the entry of the temporary orders in question.

■ Rhonda McDonald argues that the trial court had jurisdiction under § 11.-53(a)(3)(B), the "emergency protection" section of the Family Code. That section confers jurisdiction upon a Texas court when a child is physically present in the state and "it is necessary in an emergency to protect the child because he has been subject to or threatened with mistreatment or abuse or is otherwise neglected or there is a serious and immediate question concerning the welfare of the child." [1] It is Mrs. McDonald's contention that there existed "a serious and immediate question concerning the welfare of the children" in that the relator demonstrated physical violence towards her and admitted an addiction to prescription drugs during the hearing on the temporary orders.

■ There is no finding in the trial court's temporary orders that a serious and immediate question concerning the welfare of the children exists. Furthermore, there is no evidence in the record that such a condition exists. The only indication in the record or any act by either party is the aforementioned testimony of the relator that he at one time had an addiction to certain prescription drugs. A serious and immediate question concerning the welfare of the child, as that language has been interpreted under § 14.10(c), is said to contemplate a situation where the child is in imminent danger of physical or emotional harm, and immediate action is necessary to protect the child. *McElreath v. Stewart,* 545 S.W.2d 955, 958 (Tex.1977). The record simply discloses no danger of physical or emotional harm that requires immediate action to protect the children. The fact situation in this case falls far short of the necessary statutory requisites of immediacy and seriousness. *See Soto-Ruphy v. Yates,* 687 S.W.2d 19 (Tex.App.—San Antonio 1984, Mand. granted); *See also Grimes v. Flores,* 717 S.W.2d 949 (Tex.App. San Antonio 1986, Mand. granted); *Klein v. Cain,* 676 S.W.2d 165 (Tex.App. Amarillo 1984, Mand. granted).

The trial court erred in assuming jurisdiction regarding the custody of the children. We hold the underlying order of the trial court void and order the relator released of his civil contempt restraints immediately. As previously stated herein, this opinion does not in any way reflect on the criminal indictment which also serves as the basis of relator's confinement.

Costs are assessed against the real party in interest, Rhonda McDonald.

---

1. We note that the "serious and immediate question" language also appears under Tex.Fam. Code Ann. § 14.10, the habeas corpus section under which it has often been construed.