## Michael C. KRICFALUSI *v.* BROKERS SECURITIES, INC.

90-306                                    806 S.W.2d 622

Supreme Court of Arkansas
Opinion delivered April 15, 1991

*Robinson, Staley & Marshall*, by: *Robert L. Robinson, Jr.*, for appellant.

*Josh E. McHughes*, for appellee.

DONALD L. CORBIN, Justice. The sole issue raised in this appeal is whether the trial court erred in granting full faith and credit to the default judgment entered by a Virginia court in favor of appellee, Brokers Securities, Inc., against appellant, Michael C. Kricfalusi. We find no error and affirm.

Although under the full faith and credit clause of the United States Constitution, a foreign judgment is as conclusive on collateral attack as a domestic judgment would be, exceptions to this rule exist where there is either a defense of fraud in the procurement of the judgment or a want of jurisdiction in the rendering court. *Elliott, Ex'x* v. *Hardcastle*, 271 Ark. 90, 607 S.W.2d 381 (1980); *Purser* v. *Corpus Christi State Nat'l Bank*, 256 Ark. 452, 508 S.W.2d 549 (1974); *Phillips* v. *Phillips*, 224

Ark. 225, 272 S.W.2d 433 (1954); *Cella* v. *Cella*, 12 Ark. App. 156, 671 S.W.2d 764 (1984). Appellant's challenge to the trial court's granting full faith and credit is based on the asserted absence of personal jurisdiction on the part of the Virginia court. Therefore, we will consider whether the service of notice was defective.

Appellant contends that appellee did not satisfy the due process requirement that service be reasonably calculated to reach the party to be served. Regarding the service of process, the Virginia court in its order of default judgment stated:

> WHEREUPON, the Court, having examined the record herein and the evidence *ore tenus* and noting that service was made on the defendant pursuant to Sections 8.01-328.1 and 8.01-329 of the Code of Virginia as amended (Virginia's Long Arm Statute),. . . .

The record includes only this order of the Virginia court, the pleadings made to the Arkansas court concerning the foreign judgment, affidavits given by appellant and by appellee's president, and the filings required for appeal. For this reason we have been forced to look at the affidavits to discern the relevant facts.

The parties, in December 1987, entered into an employment contract, which required appellant to move from Little Rock to Hampton Roads, Virginia, after the new year. Appellant assumed the duties of Chief Financial Officer of appellee's corporation at that time. In May 1988, appellee notified appellant that the corporation was to be sold and that their relationship would end. Appellant worked for appellee until June 15, 1988.

Appellant claims that upon leaving this employment, he made appellee aware that he was beginning employment with the Mid-West Stock Exchange. It is not disputed that appellant left three forwarding addresses with appellee: a residence address at 1922 North Monroe, Little Rock, Arkansas, 72207; a business address at 400 North Olive, Suite 3302, Dallas, Texas, 75201; and a second business address c/o Mid-West Stock Exchange, 440 South LaSalle Street, Chicago, Illinois, 60605.

While living in Virginia, appellant allegedly borrowed a sum of money from appellee and did not repay it. Appellee filed suit in Virginia to collect the amount owed. As appellant was a non-

resident, service of process was obtained, pursuant to the Virginia Long Arm Statute, by serving the Secretary of the Commonwealth of Virginia. The Secretary, on March 23, 1989, mailed the Summons and Complaint by first class mail to the Dallas, Texas, business address. Appellant did not answer and, on May 5, 1989, default judgment was entered against him in the Circuit Court of the City of Norfolk, Virginia.

The Virginia statute upon which appellant bases his claim is Va. Code Ann. § 8.01-329 (Supp. 1990), the relevant portion of which reads as follows:

> Service of process or notice on the Secretary may be made by mail if such service otherwise meets the requirements of this section. Such service shall be sufficient upon the person to be served, provided that notice of such service, a copy of the process or notice, and a copy of the affidavit are forthwith mailed, by the Secretary to the person or persons to be served at the last know post-office address of such person, and a certificate of compliance herewith by the Secretary or someone designated by him for that purpose and having knowledge of such compliance, shall be forthwith filed with the papers in the action. Service of process or notice on the Secretary shall be effective on the date the certificate of compliance is filed with the court in which the action is pending.

It is not appellant's contention that this statute is unconstitutional. Rather, it is his contention that appellee's use of the procedure set out therein fell short of due process requirements. Even though appellant concedes that appellee was not bound to use all three addresses, he claims appellee, by mailing notice to only the Dallas business address, did not satisfy the due process requirement established in *Mullane* v. *Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950), that service be reasonably calculated to reach the party to be served.

Determining whether service of process was reasonably calculated to reach a party involves analysis of particular circumstances of each case. *Virginia Lime Co.* v. *Craigsville Distrib. Co.*, 670 F.2d 1366 (4th Cir. 1982). The record reveals that preceding the March 23, 1989 service of process mailed by the Secretary of the Commonwealth of Virginia to the Dallas

address, only on one occasion did appellee correspond with appellant by mail; on December 4, 1987, appellee mailed appellant a letter confirming appellant's employment. This letter was mailed to the same Little Rock address that appellant gave as one of the forwarding addresses. As stated before, upon leaving his employment with appellee in Virginia, appellant gave appellee three addresses to be used for forwarding purposes. Even assuming appellee knew appellant had permanent ties to Little Rock, we cannot say that mailing the notice to one of the addresses appellant gave appellee is not service reasonably calculated to reach appellant.

Based on the foregoing, the trial court's granting full faith and credit to the foreign judgment is affirmed.