In the Matter of MARGOT CAPLAN, Respondent, *v.* MALCOLM CAPLAN, Appellant.

First Department, May 16, 1972.

*Joel T. Camche* for appellant.

*Joseph Calderon* of counsel (*Linden & Deutsch,* attorneys), for respondent.

*Per Curiam.* The parties had lived in Venezuela where all four of their children were born and where the defendant was the partner in charge of the Caracas office of a New York law firm. They separated in 1970, the plaintiff wife coming to New York with the children. Three of the children are presently with the father. The wife started an action in the Supreme Court to determine the custody of the children and for her own and their support. Service was made in Venezuela. Applications were made in the Supreme Court for an order of sequestration, which were denied. That court transferred the proceedings to the Family Court.

That court, following ex parte hearings on November 11 and November 15, 1971, ordered respondent to pay $2,165 monthly for support of the wife and the child in her custody, and sequestered respondent's property in the State. Respondent moved to vacate the orders on the ground that the Family Court lacked jurisdiction to make them. The appeal is from the order denying the motion.

Jurisdiction of the Family Court in support proceedings is provided for in section 421 of the Family Court Act. Though the section is labeled " Venue ", it derives from section 31-b of the Children's Court Act and section 103 of the Domestic Relations Court Act. And while the section deals with venue, it also is the only section which defines the persons who may bring, and those who are obliged to respond to, petitions for support. There are five subdivisions which specify such persons. The respondent here comes within none of the categories specified.

It is claimed, however, that section 429 of the act enlarges the jurisdiction of the court. It empowers the court to issue a writ of seizure in certain instances. Such power is naturally limited to instances where the court would otherwise have jurisdiction as nothing in the section indicates that it thereby extends the court's jurisdiction. Moreover, a close reading of section 429 shows that it does not apply to the factual situation here presented. The section intends to cover the case where the husband, being within the territorial jurisdiction of the court, abandons his wife and leaves the jurisdiction. Here, any possible abandonment did not take place within the jurisdiction, nor did the respondent leave it. At no material time was he here. The fact is that after the alleged abandonment the petitioner came here — a situation not provided for in the section at all.

Order of the Family Court entered December 15, 1971 (MIDONICK, J.) should be reversed on the law and motion granted vacating orders dated November 11, 1971, and November 15, 1971, without costs.

KUPFERMAN, J. (dissenting). We would affirm on the question of jurisdiction, and, because that is the only question before us, we do not consider the merits with respect to the amount of support or its justification.

To add to the facts in the *Per Curiam,* the parties were married in New York, and the respondent. is a member of the New York Bar. After the marriage, they moved to Caracas, Venezuela, where four children were born. The respondent represented his New York law firm in Caracas, and it is his

interest in the New York law firm, which is attempted here to be sequestered.

When they separated in June, 1970, the wife seems to have been with the children in a rented summer house in Port Washington, Long Island, following a previous course of conduct with respect to summer vacations. The wife and one child resided in Manhattan at the time of the Family Court hearing.

The wife commenced her action in the Supreme Court where the respondent appeared by counsel to contest jurisdiction after personal service of the petition, order to show cause, etc. in Caracas, Venezuela, and the Supreme Court of its own motion "transferred and referred" the proceedings to the Family Court to apply its expertise. Under the circumstances, it is Supreme Court jurisdiction or Family Court jurisdiction that applies, whichever might be greater. (*Kagen* v. *Kagen,* 21 N Y 2d 532; *Matter of Seitz* v. *Drogheo,* 21 N Y 2d 181.)

The wife's rights aside (see Note, Valuation of the Right to Support for Purposes of the Federal Tax System, 72 Col. L. Rev. 132, Jan., 1972), the court clearly had the power to provide for support of the children even if " the respondent has obtained in any state or country a final decree of divorce or separation from his wife ". (Domestic Relations Law, § 33, subd. 4; see, also, Domestic Relations Law, § 240.)

There is no doubt that the respondent had notice, by virtue of service in person in Caracas, of the proceeding, which was transferred to the Family Court, and that, as his counsel informed the court, he had made a calculated decision to rest his case on jurisdictional grounds. Further, there is no attempt to enforce an in personam judgment, but to fix support and direct payment out of sequestered property. (*Vanderbilt* v. *Vanderbilt,* 1 N Y 2d 342.)

In *Geary* v. *Geary* (272 N. Y. 390, 402-403) it was said that: " The New York statute in terms permits the making of a sequestration order in a pending action. The Constitution of the State of New York and the Constitution of the United States are not violated by such provision so long as under the New York statute seizure must precede inquiry or adjudication as to the award of alimony, *or the application of property of the defendant to payment of such award* so that the defendant may have opportunity to be heard upon that inquiry. The defendant has had such opportunity here." (Emphasis supplied.)

Nunez, J. P., McNally and Steuer, JJ., concur in *Per Curiam* opinion; Kupferman, J., dissents in an opinion in which Capozzoli, J., concurs.

Order, Family Court of the State of New York, New York County, entered on December 15, 1971, reversed, on the law, without costs and without disbursements, the motion granted vacating orders of said court entered on November 11 and 15, 1971, and the petition dismissed.