■ CONNIE ESCOBEDO, Respondent, v JOSEPH D. SCHWERIN et al., Appellants.—Order, Supreme Court, New York County, entered May 11, 1976, granting plaintiff's motion for permission to serve a summons and complaint in the Supreme Court on the Travelers Insurance Company as representatives of the defendants, is unanimously reversed, on the law, and in the exercise of discretion, without costs and without disbursements, and the motion denied. Special Term granted the motion on the authority of CPLR 308 (subd 5) which permits service in such manner as the court directs "if service is impracticable under paragraphs one, two and four of this section" (i.e., personal service, service on a person of suitable age and discretion at the place of business or dwelling, and "nail and mail" substituted service). There was no such showing in this case. There is merely an affidavit of the attorney, not on personal knowledge, that his unnamed process server was informed that the defendants had moved and that their whereabouts were unknown; that the attorney then "contacted" a representative of the insurance company in an effort to find the new address and that no such information was given to the attorney's office; and that the whereabouts of the defendants were unknown. There was no affidavit of the process server, no showing of what efforts were made to ascertain the address of defendants, nor when. We note also that this motion appears to be an effort to circumvent a decision of another Justice of the Supreme Court, made a year earlier, denying an application to transfer a pending action from the Civil

Court to the Supreme Court and to increase the damages demanded from $10,000 to $250,000, (an amount far in excess of defendants' policy), which denial was without prejudice to renewal upon new papers, including a recent medical affidavit. To the extent discretion is involved, this last consideration militates against the exercise of discretion in plaintiff's favor. Concur—Kupferman, J. P., Silverman, Evans and Lane, JJ.