■ VICTORIA M. LANGDON, Respondent, v ROBERT E. MOHR, Appellant.—Order and judgment (designated an order), Supreme Court, New York County, entered September 9, 1977, which confirmed report of Referee and directed respondent to pay petitioner $17,943.45 as reimbursement of medical expenses for respondent's daughter; $1,500 for support of the daughter

from April 1, 1975 through December 15, 1975; $150 weekly for support of respondent's son after December 15, 1975; and $2,000 counsel fees, unanimously reversed on the law, without costs and without disbursements, vacated, and the proceedings dismissed for lack of jurisdiction of the person of defendant-appellant. This proceeding under section 461 of the Family Court Act to enforce and modify a judgment of divorce entered between the parties in Mexico was commenced by an order to show cause authorizing service on the respondent by mail at his residence in Connecticut and by mail to his attorney at his law offices. Respondent moved pursuant to CPLR 404 and 3211 for a judgment dismissing the proceeding on the ground, *inter alia,* that the court lacks personal jurisdiction over the respondent. The motion to dismiss was denied and respondent was authorized to submit an answer or answering affidavit. An answer was thereafter filed which, *inter alia,* interposed as a defense a challenge to the validity of the service of process. Hearings conducted before a Referee resulted in recommendations awarding varied relief to the petitioner which were adopted by the court at Special Term and incorporated in the order appealed from. We have come to the reluctant conclusion that the order must be reversed and the proceedings dismissed because of defective service of process. CPLR 313 provides that service of process on a person without the State shall be done in the same manner as service within the State. Section 308, regulating personal service, describes five methods by which such service may be made upon a natural person. Subdivision 1 provides for service "by delivering the summons within the state to the person to be served". Subdivision 5 authorizes service "in such manner as the court, upon motion without notice, directs, if service is impracticable under paragraphs one, two and four of this section." Although the order to show cause authorizing service by mail recites in general terms "sufficient reason appearing therefor" nothing in the moving papers suggests why direct service was not practicable nor indicates that any effort to make such service had been in fact undertaken. (Cf. *Prince v Prince,* 69 Misc 2d 410; *Deason v Deason,* 73 Misc 2d 964.) Nor does the record support the conclusion that respondent's attorney was an authorized agent to receive process on his behalf. It is fundamental that the participation by respondent in the proceedings thereafter occurring did not waive his duly presented objection to the validity of the mail service. CPLR 5501 (subd [a], par 1) is quite explicit that an appeal from a final judgment brings up for review "any non-final judgment or order which necessarily affects the final judgment". (See Siegel, New York Prac, § 111.) Concur—Birns, J. P., Fein and Sandler, JJ.; Kupferman, J. P., and Silverman, J., concur in separate memoranda as follows:

Kupferman, J. (concurring). I reluctantly concur in the determination. (Cf. *Matter of Caplan v Caplan,* 39 AD2d 108, mod 30 NY2d 941.)

Silverman, J. (concurring). In addition to the reasons set forth in the majority memorandum, I would note that I have considerable doubt whether the application for reimbursement of medical expenses and arrears of support for the daughter of the parties falls within New York's statutory version of long-arm jurisdiction. (CPLR 302, subd [b].) As the daughter is over the age of 21, it is hard to see the proceeding as to the equivalent of a "family court proceeding involving a demand for support" within the meaning of CPLR 302 (subd [b]) (cf. Family Ct Act, §§ 413, 461).