■ JOHN C. GIORDANO, JR., et al., as Executors of ROBERT J. SCHMERTZ, Deceased, Respondents, v JAMES G. MCMURTRY et al., Defenfendants, and PETER W. CARMEL, Appellant.—Order, Supreme Court, New York County, entered July 31, 1979, which, *inter alia,* granted plaintiffs' motion to confirm the report of the referee and dismissed the affirmative defense of lack of jurisdiction, unanimously reversed, on the law, the motion to confirm the report of the referee denied, and complaint against defendant-appellant Carmel dismissed, with costs. This is a malpractice action arising out of the death of plaintiff's decedent. The attempted service upon Dr. Carmel was accomplished by a process server leaving a copy of the summons with a hospital administrator at Columbia Presbyterian Hospital, where Dr. Carmel, a private attending physician, rented office space. Plaintiffs allege that the administrator telephoned Dr. Carmel in the presence of the process server and obtained oral permission to accept the summons on his behalf. This is strenuously denied by Dr. Carmel. Special Term directed a reference to hear and report regarding the factual issue of consent, noting that if consent were found, the court would permit such service to be effective *(nunc pro tunc)* pursuant to CPLR 308 (subd 5). The referee found such consent and the court confirmed the report and dismissed Dr. Carmel's affirmative defense of lack of jurisdiction. The issue is whether the court-ordered service was in compliance with CPLR 308 (subd 5). The section provides for expedient service under subdivision 5, as follows: "5. in such manner as the court, upon motion without notice, directs, if service is impracticable under paragraphs one, two and four of this section." Subdivisions 1, 2 and 4 provide for personal delivery, for delivery and mailing, and for substituted service, respectively. None of these alternatives was attempted by plaintiffs. They have made no showing, as required, that service pursuant to subdivisions 1, 2 and 4

was impracticable, and Special Term, therefore, should not have exercised its discretion in permitting expedient service *nunc pro tunc* and dismissing the affirmative defense. Concur—Sullivan, J. P., Markewich, Lupiano, Silverman and Carro, JJ.