■ JILL SIMENS, as Assignee of the FEDERAL DEPOSIT INSURANCE CORPORATION, Respondent, v LOUIS E. SEDRISH, Appellant, et al., Defendant. — In an action to set aside a conveyance of real property as being a fraud upon creditors, defendant Sedrish appeals from an order of the Supreme Court, Nassau County (Levitt, J.), dated June 19, 1980, which denied his motion to vacate service of the summons and complaint made pursuant to CPLR 308 (subd 5). Order reversed, on the law, with $50 costs and disbursements, motion granted, and service of the summons and complaint upon defendant Sedrish is vacated. Expedient service pursuant to CPLR 308 (subd 5) may be effected "in such manner as the court, upon motion without notice, directs, if service is impracticable under [CPLR 308, subds 1, 2, 4]", which provide for personal service, delivery and mailing and affixing and mailing service, respectively. While what constitutes impracticality will vary depending upon the facts of the individual case, a plaintiff seeking to effect expedient service must make some showing that the other prescribed methods of service could not be made *(Dobkin v Chapman,* 21 NY2d 490; *Langdon v Mohr,* 67 AD2d 648; *Arroyo v*

*Arroyo,* 76 Misc 2d 652). In the case at bar, the only showing made by plaintiff, an assignee of a judgment, in support of her request for expedient service was that her predecessor in interest, the Federal Deposit Insurance Corporation, had had difficulties serving defendant Sedrish in the original action, and that she anticipated having difficulties as well. There was nothing in the record to indicate what steps, if any, plaintiff had initiated on her own behalf to effect service pursuant to the prescribed methods, and why those methods proved impracticable. Accordingly, we do not reach the question of whether the method devised by the court for effecting service was reasonably calculated to give defendant Sedrish notice of the action (see *Dobkin v Chapman, supra).* Hopkins, J. P., Mangano, Margett and Thompson, JJ., concur.