■ J. STANLEY COYNE, Respondent, v SANDRA A. COYNE, Appellant. SANDRA A. COYNE, Appellant, v J. STANLEY COYNE, Respondent. — Order affirmed, with costs. Memorandum: The precondition for a court order under CPLR 308 (subd 5) (i.e., that service under subds 1, 2 and 4 be "impracticable") should not be construed to require a showing that service under those subdivisions could not be made with "due diligence" (see CPLR 308, subd 4). The court properly exercised its discretion in determining that service pursuant to CPLR 308 (subds 1, 2, 4) was impracticable. All concur, except Cardamone, J.P., and Callahan, J., who dissent and vote to grant the cross motion to dismiss Action No. 1, in the following memorandum.

Cardamone, J.P., and Callahan, J. (dissenting). We dissent from the view expressed by the majority that service on Sandra Coyne pursuant to CPLR 308 (subds 2, 4) was shown to be "impracticable" so as to permit service under CPLR 308 (subd 5). Because service under this subdivision is directed by court order following an ex parte application, supporting papers upon which such order is based must establish the necessity for it. Here that demonstration is insufficient. Special Term had just one affidavit before it — an attorney's affidavit — only a single paragraph of which is based upon the attorney's own knowledge. All concerned knew that Mrs. Coyne had gone to New York City — she had been traveling back and forth between Syracuse and New York City through the months of September, October, November and into early December, 1980. Her mother lived there. Mrs. Coyne ordinarily stayed either at her mother's home or at the Barbizon Plaza Hotel. Her husband's attorneys were obviously familiar with this since they called and spoke with her at her

mother's home in November and wrote her at her mother's address on December 17, 1980 — two days before the same attorneys made the ex parte application for service on her. It is conceded that in early December, 1980 defendant Mrs. Coyne took an apartment in New York City. The affidavit states that a telephone listing and a street address were obtained for a "S. Coyne" at East 55th Street. Mrs. Coyne was at East 51st Street and had a telephone listing at her 51st Street address. Plaintiff's attorneys concede the fact that she had a telephone listing in her own name on 51st Street. The attorney's affidavit states that Mrs. Coyne "does not live at East 55th Street". No affidavit is presented, however, from the unnamed investigator who was hired to serve her there. No attempt was made to serve her at her mother's home, although she was at her mother's frequently and plaintiff's attorney states that he knew that defendant "has remained close to her mother, especially since her mother has been hospitalized recently". A change of address from the post office was requested. The return was not attached. No affidavit from the plaintiff, husband, was before Special Term. Based on this flimsy effort, plaintiff's attorney concluded that defendant "cannot be found." The test to be employed before utilizing CPLR 308 (subd 5) as Professor Siegel points out, is whether due diligence required under subdivisions 1 and 2 were used, plus the additional showing that service under subdivision 4 will not work either (Siegel, New York Practice, § 75, p 81). In our view, such was far from being demonstrated by a single conclusory affidavit of plaintiff's attorney. Regardless of whether "due diligence" is the proper trigger for expedient service under subdivision 5, it should be clear that in order to avoid abuse of the use of court intervention in service of process, a factual foundation precisely specifying time when, place where and methods used to satisfy the service requirements must be spelled out from supporting affidavits of those with first-hand knowledge (see *Langdon v Mohr,* 67 AD2d 648, 649; *Escobedo v Schwerin,* 58 AD2d 762; *Deason v Deason,* 73 Misc 2d 964, 967). A showing that it is merely inconvenient, as was done here, in our view is not sufficient to meet the statutory test of "impracticable". (Appeal from order of Onondaga Supreme Court, Stone, J. — joint trial, venue.) Present — Cardamone, J. P., Simons, Hancock, Jr., Callahan and Denman, JJ.