■ RUTH MARKOFF, Individually and as Executrix of MILTON MARKOFF, Deceased, Appellant, v SOUTH NASSAU COMMUNITY HOSPITAL, Defendant, and MARILYN R. ECKSTEIN et al., Respondents. — In a medical malpractice action to recover damages for wrongful death, etc., plaintiff appeals from (1) an order of the Supreme Court, Queens County (Lerner, J.), dated May 27, 1981, which granted the motion of the defendants Eckstein, Shulman and Hochstim to vacate a prior ex parte order of the same court directing that expedient service be made upon those defendants pursuant to CPLR 308 (subd 5), and (2) an order of the same court (Buschmann, J.), dated March 29, 1982 which, *inter alia,* dismissed the complaint against defendants Eckstein, Schulman and Hochstim pursuant to CPLR 3211 (subd [a], par 5) as barred by the applicable Statute of Limitations. Orders affirmed, with one bill of costs. Plaintiff moved without notice for an order pursuant to CPLR 308 (subd 5) directing expedient service by delivery and mailing of a copy of the summons and complaint to the "last known business address" of the individual defendants Eckstein, Schulman and Hochstim. CPLR 308 (subd 5) authorizes expedient service "in such manner as the court, upon motion without notice, directs, if service is impracticable under paragraphs one, two and four of this section", which provide for

service by personal delivery, delivery and mailing, and affixing and mailing, respectively. While it has been observed that the precondition of impracticability under CPLR 308 (subd 5) "is not capable of easy definition" (*Liebeskind v Liebeskind,* 86 AD2d 207, 210), it "should not be construed to require a showing that service under [subdivisions 1, 2 and 4] could not be made with 'due dilligence'" (*Coyne v Coyne,* 83 AD2d 774; compare McLaughlin, 1982 Supplementary Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, 1982-1983 Pocket Part, CPLR C308:5, with Siegel, New York Practice, § 75). The meaning of "impracticable" will depend upon the facts and circumstances of the particular case; however, a "plaintiff seeking to effect expedient service must make some showing that the other prescribed methods of service could not be made" (*Simens v Sedrish,* 82 AD2d 915). In the case at bar, the only showing made by plaintiff in support of her application for expedient service was the conclusory affirmation of her attorney, which, in relevant part, merely stated that: "Personal service upon the [individual defendants] pursuant to paragraphs 1, 2 and 4 of CPLR 308, has been attempted and has been impracticable * * * [P]ersonal service cannot be made by leaving the summons and complaint with a receptionist and mailing it to the place of business * * * See attached affidavit of service * * * for reasons for failing to make service by the methods prescribed by paragraphs 1, 2 and 4 of CPLR 308. (Affidavit defective)." The affidavit of service annexed to plaintiff's supporting papers indicated that only one attempt had been made at delivery to a person of suitable age and discretion and mailing to the individual defendants at the premises of the defendant hospital. Clearly, such supporting papers were insufficient because they failed to set forth factual allegations to establish, for example, what steps plaintiff had taken to effect service pursuant to the prescribed methods, when such steps were undertaken, and/or why such steps were not practicable under the particular facts and circumstances (see *Giordano v McMurtry,* 79 AD2d 548, affd 53 NY2d 962; *Booth v Lipton,* 87 AD2d 856; *Badenhop v Badenhop,* 84 AD2d 771, app dsmd 56 NY2d 648; *Simens v Sedrish,* 82 AD2d 915, *supra; Langdon v Mohr,* 67 AD2d 648; *Escobedo v Schwerin,* 58 AD2d 762). Accordingly, the ex parte order permitting expedient service was properly vacated. We would note, however, that Special Term erred by basing its vacatur of the order permitting expedient service of process upon plaintiff's failure to apprise the court of the existence of an ongoing traverse hearing at the time of her ex parte application. Admittedly, CPLR 2217 (subd [b]), mandates that an ex parte motion "be accompanied by an affidavit stating the result of any prior motion for similar relief". In this case, however, plaintiff had made no prior ex parte application for similar relief, and thus the specter of co-ordinate review did not present itself. Thus, while we affirm the order dated May 27, 1981, based upon the paucity of plaintiff's supporting papers, Special Term's vacatur of the order permitting expedient service as a punitive measure, based merely upon the failure to disclose the existence of an ongoing proceeding, was, in this case, an inappropriate exercise of discretion. We have considered plaintiff's remaining contentions and find them to be without merit. Gibbons, J. P., O'Connor, Rubin and Boyers, JJ., concur.