■ FRANCESCA SAULO et al., Respondents, v KAMIL NOUMI, Defendant, and MEDICAL LIABILITY MUTUAL INSURANCE COMPANY, Appellant.—In an action to recover damages for personal injuries, etc., due to medical malpractice, the Medical Liability Mutual Insurance Company, the insurer of the named defendant, appeals from an order of the Supreme Court, Kings County (Morton, J.), dated September 25, 1984, which denied its motion to vacate a prior order of the same court which had authorized expedient service on the named defendant pursuant to CPLR 308 (5). The appeal brings up for review so much of an order of the same court, dated November 21, 1984, as, upon reargument, adhered to the prior determination.

Appeal from the order dated September 25, 1984 dismissed. That order was superseded by the order dated November 21, 1984, made upon reargument.

Order dated November 21, 1984 affirmed, insofar as reviewed.

The plaintiffs are awarded one bill of costs.

The record indicates that the plaintiffs unsuccessfully attempted to personally serve the individual defendant with a summons at his business address in New York on three separate occasions in order to timely commence this action to recover damages for medical malpractice. The plaintiffs were then informed that the individual defendant had left New York and gone to an unspecified location in the Middle East without leaving any forwarding address. Inquiries addressed by the plaintiffs to the individual defendant's former medical associate and to his former secretary yielded no information as to his whereabouts. Hence, the plaintiffs moved for an order authorizing expedient service pursuant to CPLR 308 (5). The application was granted, the court ordering the plaintiffs to serve a copy of the summons with notice upon both the individual defendant's malpractice liability insurer, the appellant Medical Liability Mutual Insurance Company, and his former medical associate in New York. The insurer's subsequent motion to vacate the order permitting expedient service was denied, and upon reargument, Special Term adhered to its original decision. The insurer now appeals.

We reject the insurer's contention that the plaintiffs failed to meet the impracticability requirement of CPLR 308 (5), which provides for service upon a party "in such manner as

the court * * * directs, if service is impracticable under paragraphs one, two and four of this section". The papers submitted in support of the application for an order of expedient service included affidavits from the injured plaintiff, her attorney, and a process server. These affidavits detailed the repeated attempts to personally serve the individual defendant and the inability of the plaintiffs to determine his whereabouts despite substantial inquiry. CPLR 308 (5) requires a showing of impracticability of other means of service, but does not require proof of due diligence or of actual prior attempts to serve a party under each and every method provided in the statute (see, Salesi v Nieves, 93 AD2d 858; Markoff v South Nassau Community Hosp., 91 AD2d 1064, affd 61 NY2d 283; Liebeskind v Liebeskind, 86 AD2d 207, affd 58 NY2d 858; Coyne v Coyne, 83 AD2d 774). In view of the facts of this case, we find that Special Term acted properly in authorizing expedient service.

Moreover, we note that under these unusual circumstances, Special Term's order was reasonably calculated to apprise the individual defendant of the pending action (see generally, Bossuk v Steinberg, 58 NY2d 916; Dobkin v Chapman, 21 NY2d 490; Gibson v Salvatore, 102 AD2d 861). Thompson, J. P., Bracken, Weinstein and Kunzeman, JJ., concur.