■ PUBLIC ADMINISTRATOR OF KINGS COUNTY, as Administrator of the Estate of SHIRLEY RHODES, Deceased, Respondent,

v UNIVERSITY HOSPITAL et al., Appellants, et al., Defendants.— In an action to recover damages for personal injuries allegedly resulting from medical malpractice, (1) the defendant Sabri appeals from so much of an order of the Supreme Court, Kings County (Shaw, J.), dated September 20, 1983, as, upon reargument and renewal, adhered to its original determination in an order of the same court dated July 28, 1983, declaring the defendant Sabri to be in default, granting the plaintiff leave to conduct an inquest and assessment of damages, and directing that the Calendar Clerk place the matter on the Inquest Calendar, and (2) the defendants Sabri and University Hospital appeal from a judgment of the same court (Pino, J.), dated February 1, 1984, which set aside that portion of the jury verdict finding no liability on the part of the defendant Sabri, severed the action against him nunc pro tunc, and was in favor of the plaintiff and against them in the principal amount of $10,000.

Justice Bracken has been substituted for the late Justice Gibbons (see, 22 NYCRR 670.2 [c]).

Ordered that the appeal from the order dated September 20, 1983 is dismissed, without costs or disbursements (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]), and it is further

Ordered that the judgment is reversed, on the law, without costs or disbursements, the orders dated July 28, 1983, and September 20, 1983, are vacated, and the complaint insofar as it is asserted against the appellants is dismissed.

We find that the plaintiff failed to establish that service on the defendant Sabri pursuant to CPLR 308 (1), (2) and (4) was "impracticable" so as to permit service under CPLR 308 (5) (see, Markoff v South Nassau Community Hosp., 91 AD2d 1064, affd 61 NY2d 283). The court, therefore, never obtained personal jurisdiction over Sabri, and the resulting orders and judgment against him were nullities (see, Brent-Grand v Megavolt Corp., 97 AD2d 783, 784; Mayers v Cadman Towers, 89 AD2d 844, 845).

The defendant hospital, moreover, may not be cast in damages upon the theory that it was vicariously liable for the acts of Sabri where the latter's liability was erroneously predicated on his default. We, therefore, dismiss the complaint as against both Sabri and the hospital. Thompson, J. P., Bracken, Eiber and Spatt, JJ., concur.