■ LEONA HITCHCOCK, Appellant, v PYRAMID CENTERS OF EMPIRE STATE COMPANY, Respondent.—Mercure, J. Appeal from an order of the Supreme Court (Mugglin, J.), entered February 22, 1988 in Otsego County, which granted defendant's motion to vacate a default judgment entered against it.

Plaintiff claims to have suffered personal injuries forming the basis for this lawsuit in September 1984 when she fell from a bench in a public area of a shopping mall located in the City of Oneonta, Otsego County, owned by defendant, a partnership. In May 1985, as an aid to ascertaining the identity of the owner of the mall property, plaintiff obtained an abstract of Otsego County land records which included reference to deeds recorded in 1972 and 1973 showing defendant's business address as "125 Elwood Davis Road, North Syracuse, NY" and indicating that one of the deeds was

executed on behalf of defendant by a partner, Michael J. Falcone. The abstractor's transmittal indicated that "DBA certificate and several amendments are filed with the original certificate filed Otsego County on February 23, 1972". Although not stated in the abstractor's report, defendant's last amended business certificate, filed in 1978, showed that its business address had changed to 500 South Salina Street in the City of Syracuse, Onondaga County, and set forth the full names and addresses of each of defendant's 11 partners.

In May 1985, plaintiff forwarded a copy of a summons and complaint to the Onondaga County Sheriff's Department with a request that personal service be made upon a partner of defendant at the North Syracuse address obtained from the real property abstract. The Sheriff's Department responded that it could not effectuate proper service because there were no partners at that address. In March 1987, plaintiff made an ex parte application for an order permitting expedient service pursuant to CPLR 308 (5), maintaining in support that: "None of the partners are located at the shopping center where the accident occurred and none of the partners were present when the Sheriff went to the address given by the defendant in the real property records * * * such that plaintiff has been unable with due diligence to effect service of the summons and complaint herein by any method under CPLR 308 (1)—(4)."

On March 16, 1987, Supreme Court granted plaintiff's application and ordered that service could be made by mailing a copy of the summons and complaint to defendant at the North Syracuse address and at the mall where the accident took place. Service was effected in accordance with the order the same day. In November 1987, plaintiff sought and obtained judgment upon default. After receiving notice through its insurance carrier, defendant moved to vacate the default judgment. Supreme Court granted the motion upon the ground that the prior order permitting expedient service was improperly granted. Accordingly, it determined that service of the summons and complaint upon defendant was invalid and the judgment entered against defendant a nullity. Plaintiff appeals.

We affirm. Although it is not necessary to support a motion for expedient service under CPLR 308 (5) with facts tending to establish that service under CPLR 308 (1) or (2) cannot be made with due diligence (cf., CPLR 308 [4]), plaintiff must at the very least show that service under CPLR 308 (1), (2) or (4) is "impracticable" (CPLR 308 [5]; see, Markoff v South Nassau Community Hosp., 91 AD2d 1064, 1065, affd 61 NY2d 283;

*Simens v Sedrish,* 82 AD2d 915). Here, plaintiff came forward with nothing more than one unsuccessful effort to effect service at an address set forth on a 12-year-old deed. Significantly, the record shows that the address of Falcone set forth on the very same deed had not changed and the minimal effort of searching certificates of doing business under an assumed name filed in the Otsego County Clerk's office would have disclosed the current business address of defendant and the home addresses of its individual partners, thereby permitting service without difficulty *(cf., Liebeskind v Liebeskind,* 86 AD2d 207, *affd* 58 NY2d 858). Contrary to plaintiff's assertion, she was entitled to rely on the information set forth on the most recent amendment to the business certificate *(see,* General Business Law § 130 [3], [6]; *Parks v Steinbrenner,* 115 AD2d 395, 396-397). Since plaintiff failed to meet her burden of showing that personal service was impracticable, Supreme Court never obtained jurisdiction over defendant and the resulting judgment against it was a nullity *(see, Public Adm'r of Kings County v University Hosp.,* 123 AD2d 676, 677). Accordingly, Supreme Court properly vacated the default judgment.

Plaintiff further contends that even if the default judgment was properly vacated, Supreme Court abused its discretion by declining to condition the vacatur of the default judgment upon defendant's waiver of its jurisdictional objection *(see,* CPLR 5015 [a]). We disagree. On a motion to vacate a judgment upon the ground of lack of jurisdiction pursuant to CPLR 5015 (a) (4), the court is required to vacate the judgment absolutely and may not impose terms or conditions upon the vacatur *(McMullen v Arnone,* 79 AD2d 496, 499; *see, Community State Bank v Haakonson,* 94 AD2d 838, 839). Finally, we find no merit in the contention that plaintiff was deprived of property without due process of law. As noted, the default judgment was a nullity from its inception.

Order affirmed, with costs. Mahoney, P. J., Casey, Yesawich, Jr., Levine and Mercure, JJ., concur.