■ DIME SAVINGS BANK OF NEW YORK, FSB, Respondent, v JANE J. MANCINI, Appellant, et al., Defendants.—Levine, J. Appeal from an order of the Supreme Court (Bradley, J.), entered July 25, 1990 in Ulster County, which, *inter alia,* granted plaintiff's cross motion to permit substituted service upon defendant Jane J. Mancini.

Plaintiff's process server averred that he personally served a summons and verified complaint on defendant Jane J. Mancini (hereinafter defendant) at her home in Ulster County on December 21, 1989. Thereafter, defendant moved to dismiss the complaint for lack of personal jurisdiction, claiming that she had not been personally served and that the woman described in the affidavit of service as having been served was actually Gertrude Canfield. In support of her motion, defendant submitted, *inter alia,* an affidavit from Canfield in which she stated that she did answer the door at defendant's home for the process server on the day in question, but that she did not accept any papers. Plaintiff opposed defendant's motion and cross-moved for an order deeming the service of December 21, 1989 effective substituted service (CPLR 308 [2] ) nunc pro tunc. Supreme Court granted defendant's motion to dismiss the complaint and, treating plaintiff's cross motion as an application for expedient service (CPLR 308 [5] ), directed that plaintiff may obtain personal jurisdiction over defendant by attaching to the door of and mailing to her last known residence a copy of the summons and complaint. This appeal by defendant followed.

It is well established that a court is without power to direct service pursuant to CPLR 308 (5) without a showing by the moving party that service under the other provisions of CPLR 308 was impracticable *(see, Markoff v South Nassau Community Hosp.,* 91 AD2d 1064, 1065, *affd* 61 NY2d 283; *Simens v Sedrish,* 82 AD2d 915; *Giordano v McMurtry,* 79 AD2d 548, *affd* 53 NY2d 962). In this case, no such showing was made. While plaintiff's counsel states in his conclusory affidavit that his process server has been attempting to serve defendant since August 1989 and that defendant has "ducked" service, no affidavit from the process server was submitted specifying why service under the other provisions of CPLR 308 was impracticable or even that prior attempts were made *(see, Markoff v South Nassau Community Hosp.,* 61 NY2d 283, 287,

n 2; *cf., Saulo v Noumi,* 119 AD2d 657, 657-658). Under these circumstances, Supreme Court's order authorizing expedient service was improper.

We do not reach plaintiff's argument that Supreme Court erred in granting defendant's motion to dismiss the complaint for lack of personal jurisdiction without first holding a hearing since, in the absence of a final judgment, plaintiff's failure to cross-appeal from the court's nonfinal order precludes our review of that issue *(see,* 7 Weinstein-Korn-Miller, NY Civ Prac ¶ 5501.01).

Order modified, on the law, without costs, by reversing so much thereof as granted the cross motion; cross motion denied; and, as so modified, affirmed. Mahoney, P. J., Weiss, Levine, Mercure and Harvey, JJ., concur.