■ MOLLY PREZA, Respondent, v SEVER's GOURMET, Appellant, et al., Defendant. [623 NYS2d 268] —In an action to recover damages for personal injuries, the defendant Sever's Gourmet appeals from an order of the Supreme Court, Kings County (Shaw, J.), dated January 4, 1994, which denied its motion pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as it is asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted and the complaint is dismissed insofar as it is asserted against the defendant Sever's Gourmet.

After the plaintiff failed to effect personal service upon the defendant Sever's Gourmet, she moved pursuant to CPLR 308 (5) to allow her to serve the complaint on the insurance carrier of Sever's Gourmet. In support of this motion the plaintiff merely submitted a conclusory affidavit of her attorney stating that attempts to serve Sever's Gourmet were made and that the attorney consulted the telephone directory and could not find a listing for Sever's Gourmet. There was no affidavit of the process server attesting to the attempts made to serve the complaint and the only evidence submitted was an unsworn slip receipt from the process server stating that Sever's Gourmet was out of business.

The court improvidently exercised its discretion in granting the plaintiff's motion for expedient service pursuant to CPLR 308 (5) because the plaintiff failed to make an adequate showing that service pursuant to CPLR 308 (1), (2), or (4) was impracticable *(see, Salgado v Sanon,* 183 AD2d 708, 709; *Markoff v South Nassau Community Hosp.,* 91 AD2d 1064, 1065, *affd* 61 NY2d 283; *Simens v Sedrish,* 82 AD2d 915). Therefore, the court was without jurisdiction over the defendant Sever's Gourmet and should have granted its motion pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as it is asserted against it *(see, Public Adm'r of Kings County v University Hosp.,* 123 AD2d 676, 677). Mangano, P. J., O'Brien, Ritter, Pizzuto and Florio, JJ., concur.