■ AXXON CORPORATION, Doing Business as INTERNATIONAL WASTE INDUSTRIES, Respondent, v XABA USA, INC., et al., Appellants. [626 NYS2d 557] —In an action, *inter alia,* to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Queens County (Lane, J.), dated May 17, 1993, which granted the plaintiff's motion for a temporary injunction, and denied the defendants' cross motion to dismiss the complaint for lack of personal jurisdiction.

Ordered that the order is reversed, on the law, with costs, the motion is denied, the cross motion is granted, and the complaint is dismissed.

An application for expedient service upon a natural person must be supported by a showing that service upon that person was impracticable under CPLR 308 (1), (2), and (4).

The affirmation and affidavit submitted by the plaintiff's attorney and process server, respectively, in support of its application for an order directing expedient service pursuant to CPLR 308 (5) fail to indicate any attempt to personally serve the individual defendant, or to ascertain the individual defendant's dwelling place or usual place of abode. In particular, we note that the defendant corporation's October 10, 1991, letter includes as a return address and telephone number the same address and telephone number listed for the individual defendant in the Queens' residential telephone book. Furthermore, the individual defendant's New York State driver's license carried the same address for him. Under these circumstances, the Supreme Court's order authorizing expedient service upon the individual defendant was improper *(see, Dime Sav. Bank v Mancini,* 169 AD2d 964; *cf., Saulo v Noumi,* 119 AD2d 657).

Additionally, the Supreme Court was without authority to direct service upon the defendant corporation pursuant to CPLR 308 (5), since that section applies only to natural persons, and corporations must be served pursuant to CPLR 311 *(see, LTD Trading Enters. v Vignatelli,* 176 AD2d 571). Thus, the service made upon the defendant corporation pursuant to the order appealed from was invalid.

In light of our determination, we need not reach the parties'

remaining contentions. Sullivan, J. P., Copertino, Goldstein and Florio, JJ., concur.