■ JOSEPH PORTER, Appellant, v SHOSHANA PORTER, Respondent. [642 NYS2d 960] —In an action for a divorce and ancillary relief, the plaintiff (1) purportedly appeals, as limited by his brief, from stated portions of an order and judgment (one paper) of the Supreme Court, Queens County (Beldock, J.H.O.), dated March 15, 1994, which, *inter alia,* granted that branch of

the defendant's motion which sought to direct the parties to participate in family counseling as a condition to reinstating visitation, and (2) appeals, as limited by his brief, from so much of an order of the same court (Kassoff, J.), dated June 10, 1994, as granted that branch of the defendant's motion which was for leave to serve the order and judgment dated March 15, 1994, upon his attorneys.

Ordered that the order dated June 10, 1994, is reversed insofar as appealed from, on the law and as a matter of discretion, with costs, and that branch of the defendant's motion which was for leave to serve the order and judgment dated March 15, 1994, upon the plaintiff's attorneys is denied.

Initially, we note that, by decision and order on motion of this Court dated January 5, 1995, the purported appeal from the order and judgment dated March 15, 1994, was dismissed for failure to perfect the same. Consequently, the plaintiff is prohibited from seeking review of issues which could have been raised on that appeal (*see, Bray v Cox,* 38 NY2d 350; *Montalvo v Nel Taxi Corp.,* 114 AD2d 494).

After the defendant failed to effect personal service of the order and judgment upon the plaintiff, the defendant moved pursuant to CPLR 308 (5) for leave to serve the order and judgment upon the plaintiff's attorneys. In support of this motion the defendant submitted a conclusory affirmation of her attorney stating that personal service was not possible due to the plaintiff's evasion of service. The defendant also submitted an affidavit of her process server stating that several unsuccessful attempts to serve the plaintiff at his residence were made.

The court improvidently exercised its discretion in granting the defendant's motion for expedient service pursuant to CPLR 308 (5). The defendant failed to make an adequate showing that service pursuant to CPLR 308 (1), (2) or (4) was impracticable (*see, Preza v Sever's Gourmet,* 212 AD2d 765; *Salgado v Sanon,* 183 AD2d 708, 709). There was nothing in the record to indicate what steps, if any, the defendant initiated to effect service, with the exception of attempted services at the plaintiff's residence, and why other prescribed methods proved impracticable. Rosenblatt, J. P., Miller, O'Brien and McGinity, JJ., concur.