■ Sigmoil Resources N.V., Appellant, v Vittorio Lecca Ducagini Duca Di Guevara Suardo Fabbri, Defendant, and Nano Limited, Respondent. Sigmoil Resources N.V., Plaintiff, v Pan Ocean Oil Corporation (Nigeria), Defendant. Sigmoil Resources N.V., Respondent, v Vittorio Lecca Ducagini Duca Di Guevara Suardo Fabbri, Defendant, and Nano Limited, Appellant. [644 NYS2d 503]

The Judicial Hearing Officer (J.H.O.) properly found that personal jurisdiction is lacking in both of the subject actions. Service of summons by means other than by registered air mail, pursuant to the order to show cause, was admittedly never timely effected in the first action. Because plaintiff has not demonstrated that service under CPLR 308 (1), (2) or (4) was impractical, it was an improvident exercise of discretion to have ordered service by mail in the second action herein (*see, Preza v Sever's Gourmet*, 212 AD2d 765, *lv denied* 87 NY2d 801; *Giordano v McMurtry*, 79 AD2d 548, *affd* 53 NY2d 962).

Defendant Nano's counsel violated the court's binding and clear directive not to release certain funds. While it is true that the orders of attachment were necessarily vacated upon dismissal of both actions (*cf., Atlantic Raw Materials v Almarex Prods.*, 154 NYS2d 993, 997), when issued, those orders were facially valid and sufficiently clear such that the parties were bound by them. That a party is sanguine in its good-faith belief that an order is defective, misguided or erroneous, is an insufficient basis upon which it may then unilaterally disregard such order (*see, Matter of Brostoff v Berkman*, 79 NY2d 938, 940, *cert denied* 506 US 861; *Matter of Balter v Regan*, 63 NY2d 630, *cert denied* 469 US 934). " '[A]n order of a court

must be obeyed, no matter how erroneous it may be, so long as the court is possessed of jurisdiction and its order is not void on its face' " (*Matter of Village of St. Johnsville v Triumpho*, 220 AD2d 847, 848). Here, the contemnor, defendant Nano's counsel, argues that the J.H.O.'s vacatur of the orders of attachment validated its disobedience of the court's directives *nunc pro tunc*. However, an evaluation of whether the defendant Nano's counsel acted properly in releasing the escrow funds at issue is a question that must be viewed from the perspective of how the parties stood before the court at the time the order issued, and not with the improved vision of hindsight.

Although an award on a civil adjudication of contempt cannot be more than the complainant's costs and expenses plus $250 where there are no actual damages (*see*, Judiciary Law § 773; *Costanza v Costanza* [appeal No. 2], 213 AD2d 1043), and although plaintiff has no chance of recovering in these dismissed actions, it has commenced another action in which it may prevail on its claims for monetary damages against the same defendants. Accordingly, any determination by this Court of whether or not plaintiff suffered actual damages as a result of defense counsel's contempt would be premature. The parties are agreed, however, that the order entered January 20, 1995, should not have included an outright award to plaintiff of the proceeds derived from the sale of the subject apartment, and accordingly, we modify that order to the extent indicated.

We have considered the parties' remaining arguments for affirmative relief and find them to be without merit. Concur—Rosenberger, J. P., Wallach, Rubin and Mazzarelli, JJ.