■ JOSEPH COFFEY et al., Appellants, v ELIZABETH RUSSO et al., Respondents. [647 NYS2d 276] —In an action to recover damages for personal injuries, etc., allegedly sustained as the result of a motor vehicle accident, the plaintiffs appeal from an order

of the Supreme Court, Suffolk County (Gowan, J.), entered August 11, 1995, which denied their motion pursuant to CPLR 308 (5) to serve the defendants by delivery of the summons and complaint to their insurance carrier.

Ordered that the order is affirmed, with costs.

After the plaintiffs tried and failed to effect personal service of the summons and complaint, they moved pursuant to CPLR 308 (5) for leave to serve the defendants by delivering the summons and complaint to the defendants' insurance carrier. In support of their motion the plaintiffs submitted a conclusory affirmation by their attorney stating that service was not possible due to the plaintiffs' lack of knowledge of the defendants' whereabouts and an affidavit of their process server stating that one unsuccessful attempt was made to serve the defendant Elizabeth Russo at a given address and that there was no listing for her in directory assistance. Notably, the plaintiffs' evidence is barren of any proof that they attempted to locate the defendant Vincent Russo.

Accordingly, the court did not improvidently exercise its discretion in denying the plaintiffs' motion for expedient service pursuant to CPLR 308 (5) because the plaintiffs failed to make an adequate showing that service pursuant to CPLR 308 (1), (2), or (4) was impracticable *(see, Porter v Porter,* 227 AD2d 538; *Kelly v Lewis,* 220 AD2d 485; *Preza v Sever's Gourmet,* 212 AD2d 765).* Thompson, J. P., Joy, Altman and Hart, JJ., concur.