(March 6, 1997)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL LaSALLE, Appellant. [654 NYS2d 743] —Judgment of the Supreme Court, Bronx County (Arlene Silverman, J.), rendered March 10, 1992, convicting defendant, after jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent

terms of imprisonment of from $4^1/_2$ to 9 years, unanimously affirmed.

This matter was remitted to Supreme Court for a reconstruction hearing into defendant's allegation that he was not present at his *Sandoval* hearing (228 AD2d 335). The original hearing transcript discloses only that "a bench conference" was held and that defendant was present in the courtroom, prior to admission of the jury, when the court announced its ruling.

Following the reconstruction hearing, Supreme Court found that the *Sandoval* hearing was conducted on January 21, 1992 with both defendants, their attorneys and one or two Assistant District Attorneys present in the courtroom; that a hearing was conducted at the bench, in normal conversational tones, with defendant and his codefendant (his brother, Peter) seated some five or six feet away at the defense table; that defendant was advised by counsel, prior to the conference, of its purpose; and that the focus of the discussion was the extent to which defendant could be cross-examined about the facts of a previous drug conviction. However, the court noted that the People did not seek to use the facts surrounding the prior felony conviction against defendant.

Immediately following the conference, defendant and his brother were rejoined by defense counsel and, as the original transcript discloses, the court inquired whether defendant was on probation for an E drug felony, which his attorney verified. The court indicated it would approve a *Sandoval* compromise, by which inquiry would be limited to the fact, but not the nature, of the prior felony conviction, further questioning being confined to the date and the county of conviction. There was some further discussion regarding the scope of cross-examination of the defendants, after which the court invited comment, and defense counsel declined. Finally, the court inquired generally if there was "Anything else?", following which the jury was admitted.

Defense counsel described the bench conference as "a very informal discussion because my client only had one prior." She recollected saying that "of course you're not going to let that in. It's too prejudicial." It is apparent, therefore, that the parties viewed the issue to be resolved at the *Sandoval* conference to be the extent to which the People would be allowed to inquire into defendant's previous felony conviction, starting with the presumption that no inquiry into the nature of the underlying offense would be permitted. Not surprisingly, in the ensuing discussion, which took place on the record, there was no opposition to the court's suggestion that inquiry be so

limited. In discussing the extent to which codefendant Peter LaSalle could be questioned about a statement that his brother had sold drugs at one time, the court emphasized that the only item of permissible inquiry would be the date of the prior offense.

Assuming, as defendant contends, that the conference at the bench was inaudible to defendant, seated at the defense table, his presence at the conference was nevertheless "superfluous" within the contemplation of *People v Dokes* (79 NY2d 656, 662; *see, People v Odiat*, 82 NY2d 872, 874). "In view of the wholly favorable outcome of the portion of the *Sandoval* proceeding from which defendant was excluded, it cannot reasonably be said that there was any potential for additional meaningful input by defendant" (*People v Favor*, 82 NY2d 254, 268). To the extent that the forthcoming *Sandoval* ruling was not wholly favorable, it is clear from both the original transcript and the results of the reconstruction hearing that "[d]efendant was indisputably present for the remainder of the proceeding" (*supra,* at 268). Concur—Murphy, P. J., Rosenberger, Rubin and Williams, JJ.