■ VERONICA COOPER-FRY, Respondent, v LAURIE KOLKET et al., Appellants. [666 NYS2d 775] —Mercure, J. Appeal from a judgment of the Supreme Court (Connor, J.), entered January 9, 1997 in Columbia County, upon a verdict rendered in favor of plaintiff.

Plaintiff commenced this action to recover for injuries she sustained on January 13, 1992 when she was a passenger in a vehicle operated by defendant Michael Kolket and owned by defendant Laurie Kolket. Although no collision took place, plaintiff contends that she was thrown against the side of the vehicle and then to the floor when the driver turned onto a road and then braked suddenly. Despite service of judicial subpoenas upon defendants in accordance with an ex parte order of Supreme Court, defendants failed to appear at the trial. Accordingly, Supreme Court struck the answer and granted judgment in favor of plaintiff on the issue of liability. The matter then proceeded to trial on the issue of damages only. At the conclusion of the evidence, Supreme Court found as a matter of law that plaintiff had sustained a serious injury as defined in Insurance Law § 5102 (d). The case then went to the jury, which awarded plaintiff damages of $50,000 for past pain and suffering and $50,000 in future damages. Defendants appeal.

Initially, we agree with defendants that Supreme Court erred in granting plaintiff's ex parte application for authorization to serve judicial subpoenas upon defendants by delivering them to defendants' attorneys. Pursuant to CPLR 2303, "[a] subpoena * * * shall be served in the same manner as a summons". Thus, we look to CPLR 308 and caselaw developed thereunder in determining whether Supreme Court's order* was properly made. Fundamentally, a court is without power to direct expedient service pursuant to CPLR 308 (5) absent a showing by the moving party that service under CPLR 308 (1), (2) or (4) is impracticable (*see, Dime Sav. Bank v Mancini*, 169 AD2d 964). Although a showing of impracticability does not require proof of due diligence or actual attempts to serve a party under each and every method prescribed in CPLR 308 (*see, Hitchcock v Pyramid Ctrs.*, 151 AD2d 837; *Saulo v Noumi*, 119 AD2d 657), the movant will be required to make a competent showing as to the actual prior efforts that were made to effect service (*see, Markoff v South Nassau Community Hosp.*, 61 NY2d 283, 287, n 2; *Porter v Porter*, 227 AD2d 538, 539). Here, the conclusory statement of plaintiff's counsel that "plaintiff tried for one and a half weeks to obtain service upon the defendant through a licensed process server [and] [w]e were unable to do so" is patently deficient.

---

* The record contains neither the papers in support of plaintiff's application for an order permitting service of the subpoenas pursuant to CPLR 308 (5) nor Supreme Court's order determining the application. In their brief, defendants assert that their counsel's search of the County Clerk's file discloses no motion papers or order, and plaintiff's responsive brief makes no contrary contention.

Further, considering that defendants and their attorneys became aware of the judicial subpoenas and the order authorizing expedient service on the eve of trial, we are unpersuaded that their failure to move to quash the subpoenas effects a waiver. To the contrary, we conclude that under the circumstances, defendants registered their objection "promptly", as required by CPLR 2304. We therefore conclude that the subpoenas were improperly served and that Supreme Court lacked authority to strike defendants' answer for noncompliance therewith. We shall accordingly reinstate the answer and remit the matter for trial on the issue of liability.

To the extent that the striking of defendants' answer precluded them from offering evidence on the question of whether plaintiff sustained a serious injury, a new trial must be ordered on that issue as well. In any event, we agree with defendants that Supreme Court erred in granting a directed verdict on the question of serious injury. Although defendants produced no expert evidence, the testimony of plaintiff's own physicians concerning her limitations and the permanence of her symptoms was sufficiently equivocal to permit varying inferences to be drawn therefrom. Considering that plaintiff had the burden of proof on the issue of serious injury and the jury was entitled to reject the expert opinion as to permanency (*see*, PJI3d 1:90 [1997]; 1A NY PJI3d 117 [1997]; *see also*, *Ares v State of New York*, 176 AD2d 203, *affd* 80 NY2d 959; *Linton v Nieves*, 175 AD2d 550, 551; *Mechanick v Conradi*, 139 AD2d 857, 859), the question should have gone to the jury (*see*, *Barker v Bice*, 87 AD2d 908).

For the foregoing reasons, we conclude that Supreme Court's judgment should be reversed and a new trial ordered on both liability and damages. The parties' remaining contentions have been rendered academic by our determination to order a new trial.

Cardona, P. J., Crew III, White and Spain, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, answer reinstated and matter remitted to the Supreme Court for a new trial on all issues.