■ ROMAN TSIRULNIK, Respondent, v NATHAN BOTTON, Appellant, et al., Defendant. [686 NYS2d 456] —In an action to recover damages for personal injuries, the defendant Nathan Botton appeals from so much of an order of the Supreme Court, Kings County (Kramer, J.), dated May 31, 1996, as, upon the plaintiff's motion for a judgment on the issue of liability against him upon his failure to answer, granted the plaintiff leave to effectuate service pursuant to CPLR 308 (5).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.

The allegations on behalf of the defendant Nathan Botton in response to the plaintiff's motion for a judgment on the issue of liability against him upon his failure to answer were sufficient to warrant a hearing on his contention that the location where the summons was delivered was not his actual place of business, as alleged in the process server's affidavit (*see,* CPLR 308 [2]; *Continental Hosts v Levine,* 170 AD2d 430). The Supreme Court therefore erred in failing to hold a hearing on that issue. Furthermore, the Supreme Court erred in *sua sponte* authorizing service pursuant to CPLR 308 (5) without a showing that service pursuant to CPLR 308 (1), (2) or (4) was impracticable (*see, Porter v Porter,* 227 AD2d 538; *Axxon Corp. v Xaba USA,* 215 AD2d 517; *Preza v Sever's Gourmet,* 212 AD2d 765). O'Brien, J. P., Joy, Krausman and Luciano, JJ., concur.