■ Robert David, Appellant, v Total Identity Corporation, Respondent, et al., Defendants. [857 NYS2d 379]—

Appeal from an order of the Supreme Court, Monroe County (Kenneth R. Fisher, J.), entered February 15, 2007. The order, among other things, granted that part of the motion of defendant Total Identity Corporation to compel arbitration.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, that part of the motion of defendant Total Identity Corporation to dismiss the complaint is granted, the complaint against that defendant is dismissed, the cross motion is dismissed and plaintiff's motion is denied.

Memorandum: Plaintiff commenced this action seeking, inter alia, damages for the alleged breach by defendant Total Identity Corporation (TIC) of two amended stock purchase agreements. TIC, appearing in the action "solely to contest the authority and jurisdiction" of Supreme Court, moved to dismiss the complaint against it for lack of personal jurisdiction pursuant to CPLR 3211 (a) (8) and for an order compelling arbitration and staying proceedings pursuant to CPLR 7503 (a). Plaintiff cross-moved for an order staying arbitration, pursuant to CPLR 7503 (b), and thereafter separately moved for an order authorizing alternative service of process on TIC and defendants Matthew

Dwyer and Richard Dwyer (Dwyers). The court granted that part of TIC's motion to compel arbitration and stayed the entire action. With respect to the issue of jurisdiction, the court noted only that its order "render[ed] the balance of plaintiff's motion for an order facilitating service subject to the stay." We conclude that the court erred in failing to decide that part of the motion of TIC to dismiss the complaint against it based on lack of personal jurisdiction as well as plaintiff's motion for an order authorizing alternative service of process.

Addressing first plaintiff's motion, we note that it is undisputed that plaintiff has not served TIC or the Dwyers with the summons and complaint in this action. The expedient method of service sought by plaintiff is permitted under CPLR 308 (5) and 311 (b) where the prescribed methods of service are "impracticable." "[A] 'plaintiff seeking to effect expedient service must make some showing that the other prescribed methods of service could not be made' " (*Markoff v South Nassau Community Hosp.*, 91 AD2d 1064, 1065 [1983], *affd* 61 NY2d 283 [1984]) and, without such a showing, "[f]undamentally, a court is without power to direct expedient service" (*Cooper-Fry v Kolket*, 245 AD2d 846, 847 [1997]; *see Corbo v Stephens*, 272 AD2d 502 [2000]). Here, although the record contains addresses for both TIC and Matthew Dwyer, an officer of TIC, plaintiff never attempted service at those addresses. Rather, plaintiff attempted service at a mailing address for TIC, which proved to be only a drop box, and at an address obtained by means of an Internet search, which proved to be that of Matthew Dwyer's parents. We thus conclude that plaintiff failed to meet his burden of showing that service on TIC and Matthew Dwyer was impracticable (*see Hitchcock v Pyramid Ctrs. of Empire State Co.*, 151 AD2d 837, 838-839 [1989]). Plaintiff similarly failed to establish the impracticability of serving Richard Dwyer (*see* CPLR 308 [5]; *Coffey v Russo*, 231 AD2d 546 [1996]; *Salgado v Sanon*, 183 AD2d 708, 709-710 [1992]). In any event, plaintiff's motion must be denied with respect to Richard Dwyer because plaintiff requested service by publication but gave no indication of where such publication would occur or how it was reasonably calculated to give notice to Richard Dwyer (*see generally Dobkin v Chapman*, 21 NY2d 490, 502-506 [1968]). We thus conclude that, because plaintiff failed to show that service was impracticable with respect to TIC, Matthew Dwyer, and Richard Dwyer, the court should have denied his motion for alternative service of process on those defendants. We further conclude that the court should have granted that part of the motion of TIC to dismiss the complaint against it for lack of personal jurisdiction. Any actual notice received by TIC and Matthew Dwyer, as TIC's

officer, is insufficient to subject TIC to personal jurisdiction when the statutory requirements for service of process have not been met (see *County of Nassau v Letosky*, 34 AD3d 414, 415 [2006]; *Hillary v Grace*, 213 AD2d 450, 452 [1995]).

In light of our determination, we need not reach plaintiff's remaining contentions. Present—Hurlbutt, J.P., Lunn, Fahey, Peradotto and Pine, JJ.