■ In the Matter of AMY U., Respondent, v CARLOS V., Appellant. (And Another Proceeding.) [903 NYS2d 789]—

Stein, J. Appeals (1) from an order of the Family Court of Ulster County (Mizel, J.), entered June 22, 2009, which, in a proceeding pursuant to Family Ct Act article 5, committed respondent to jail for two consecutive six-month terms, (2) from an order of said court, entered June 23, 2009, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to hold respondent in willful violation of a prior order of support, and (3) from an order of said court, entered June 23, 2009, which granted petitioner's application for entry of a money judgment.

In 1996, Family Court ordered respondent to pay child support in the amount of $35 per week for the parties' minor child. When respondent failed to meet that obligation, petitioner commenced a violation proceeding. Respondent thereafter appeared, admitted the allegations contained in the petition and paid the arrears then due, in response to which Family Court, by order entered June 18, 2002, imposed a six-month suspended sentence contingent upon respondent remaining current in his child support.

Respondent apparently fell behind in his support obligation almost immediately, prompting the commencement of a separate violation proceeding in 2002, in conjunction with which Family Court issued numerous summonses for respondent's appearance. When various attempts to locate and serve respondent failed, Family Court apparently authorized the local Department of Social Services to effect service at the address of

respondent's sister, where respondent previously indicated he could be reached. Service at the address of respondent's sister was completed on December 5, 2002—less than one month after receiving notice from respondent that he could be reached there—and a warrant for respondent's arrest was issued in January 2003.

The record is silent as to what transpired between January 2003 and June 2009, at which time a hearing on the violation petition was held. At the conclusion of that hearing, at which respondent testified, Family Court found respondent to be in willful violation of the prior order of support, ordered respondent to serve two consecutive six-month terms in the local jail—the first term for respondent's violation of the June 2002 order and the second term for the subsequent violation proceeding and resulting arrears—and granted petitioner's application for entry of a money judgment. These appeals ensued.

Respondent, as so limited by his brief, contends only that Family Court erred in imposing the first six-month jail term, i.e., the term relating to his violation of the June 2002 order, because he was not served with a copy of that order or with any of the summonses issued by Family Court throughout 2002 and that service at his sister's address was improper. Contrary to respondent's assertions, our review of the record reveals that the local Department of Social Services exercised due diligence (*see* CPLR 308 [4]) in attempting to locate respondent for service of process. Further, in light of the particular circumstances of this matter, we find that the service method ultimately employed was entirely proper (*see* Family Ct Act § 525 [b]; CPLR 308 [5]; *Saulo v Noumi*, 119 AD2d 657, 657 [1986]; *see generally Bossuk v Steinberg*, 58 NY2d 916, 918-919 [1983]). We also note that respondent was present in court with counsel and had a full opportunity to be heard at the hearings on the initial violation petition in April 2002 and on the instant violation petition in June 2009. Accordingly, Family Court's orders are affirmed.

Rose, J.P., Lahtinen, Garry and Egan Jr., JJ., concur. Ordered that the orders are affirmed, without costs.