*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 21, 2016                  520789
_____

SANDRA J. OGLESBY et al.,
                    Appellants,

        v
                                         MEMORANDUM AND ORDER

RAFAEL BARRAGAN et al.,
                    Respondents,
                    et al.,
                    Defendant.
_____

Calendar Date:  November 19, 2015

Before:  Lahtinen, J.P., McCarthy, Egan Jr., Lynch and
         Devine, JJ.

                        _____


        Kessler Law Offices, Westtown (Leonard Kessler of counsel),
for appellants.

        Law Office of Brian D. Richardson, Albany (Lela M. Gray of
counsel), for Rafael Barragan, respondent.

        Adams, Hanson, Rego & Kaplan, Albany (Gerald D. D'Amelia
Jr. of counsel), for Bryan J. Cuff and another, respondents.

                        _____


McCarthy, J.

        Appeal from an order of the Supreme Court (Work, J.),
entered June 12, 2014 in Ulster County, which denied plaintiffs'
motion for an order directing service pursuant to CPLR 308 (5).

        Plaintiffs and four out-of-state defendants were involved
in a multi-vehicle collision.  Plaintiffs commenced this action,
alleging negligence and loss of consortium.  Thereafter,
plaintiffs attempted but were unable to perfect service upon

defendants Bryan J. Cuff, Kathi L. Cuff and Rafael Barragan (hereinafter collectively referred to as defendants) pursuant to Vehicle and Traffic Law § 253. Plaintiffs subsequently moved for an order pursuant to CPLR 308 (5) directing service upon defendants through their respective insurance companies. Supreme Court denied plaintiffs' motion, and plaintiffs now appeal.

"[A] court is without power to direct . . . service pursuant to CPLR 308 (5) absent a showing by the moving party that service under CPLR 308 (1), (2) or (4) is impracticable" (Cooper-Fry v Kolket, 245 AD2d 846, 847 [1997]; see Dime Sav. Bank of N.Y. v Mancini, 169 AD2d 964, 964 [1991]; Matter of Foley, 140 AD2d 892, 893 [1988]). Although impracticality does not require a showing of actual attempts to serve parties under every method in the aforementioned provisions of CPLR 308, the movant is required to make competent showings as to actual efforts made to effect service (see Cooper-Fry v Kolket, 245 AD2d at 847).

The record reveals that plaintiffs made merely one respective attempt to serve defendants via certified mail at the addresses listed on the police report related to the accident. When plaintiffs relied on that police report for such addresses, the report was approximately three years old. Plaintiffs offer no explanation as to any further attempts to ascertain defendants' current addresses other than the conclusory assertion that they have investigated the whereabouts of Bryan Cuff and Kathi Cuff and concluded that they did not live in New York. Such conclusory statements and proof of a single failed attempt to locate defendants based upon three-year outdated records does not establish that service pursuant to CPLR 308 (1), (2) or (4) was impracticable (see Cooper-Fry v Kolket, 245 AD2d at 847; Coffey v Russo, 231 AD2d 546, 547 [1996]; Hitchcock v Pyramid Ctrs. of Empire State Co., 151 AD2d 837, 838-839 [1989]).

Plaintiffs' argument that they are entitled to an extension of time for service in the interest of justice is not properly before us (see generally CPLR 306-b). As plaintiffs concede, they raised this argument for the first time in their reply papers on the motion. Reply papers are intended to address contentions raised in opposition to a motion and not to

supplement a motion with new arguments (see Jones v Castlerick, LLC, 128 AD3d 1153, 1154 [2015]; Thome v Benchmark Main Tr. Assoc., LLC, 125 AD3d 1283, 1286 [2015]; Schissler v Athens Assoc., 19 AD3d 979, 980 [2005]). Accordingly, Supreme Court acted properly in not considering the argument.

Lahtinen, J.P., Egan Jr., Lynch and Devine, JJ., concur.


ORDERED that the order is affirmed, with one bill of costs.




ENTER:


Robert D. Mayberger
Clerk of the Court