■ ROMAN TSIRULNIK, Appellant, v NATHAN BOTTON, Respondent, et al., Defendant. [733 NYS2d 633] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Kramer, J.), dated May 13, 1999, as, upon the motion of the defendant Nathan Botton to dismiss the complaint insofar as asserted against him, directed a hearing to determine whether the defendant Nathan Botton was properly served with the summons and complaint.

cover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Kramer, J.), entered March 31, 2000, which, upon, *inter alia*, an order of the same court dated November 15, 1999, granting, after a hearing, the application of the defendant Nathan Botton pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as it is asserted against him for lack of personal jurisdiction, dismissed the complaint insofar as asserted against the defendant Nathan Botton. The appeal brings up for review an order of the same court, dated September 27, 1996, which granted the plaintiff's motion to strike the defendant Nathan Botton's affirmative defense of lack of personal jurisdiction (*see,* CPLR 5501 [a] [1]).

Ordered that the judgment is affirmed, with costs, the order dated September 27, 1996, is vacated, and the plaintiff's motion to strike the defendant Nathan Botton's affirmative defense of lack of personal jurisdiction is denied.

The plaintiff's contention that the defendant Nathan Botton waived his affirmative defense of lack of personal jurisdiction is without merit. Botton raised that defense in an application to dismiss before he served his answer (*see,* CPLR 3211 [a] [8]). The Supreme Court, by order dated May 31, 1996, in effect, denied that application, and directed that Botton be served pursuant to CPLR 308 (5). By decision and order dated March 8, 1999, this Court reversed that order (*see, Tsirulnik v Botton,* 259 AD2d 541), holding that a hearing was warranted with respect to Botton's contention that he was improperly served by delivery of the summons and complaint to a location which he contended was not his actual place of business.

Before that appeal was decided, Botton served an answer asserting lack of personal jurisdiction as an affirmative defense, and the Supreme Court, by order dated September 27, 1996, granted the plaintiff's motion to dismiss that affirmative defense. Thereafter, the plaintiff moved for reargument of the appeal from the order dated May 31, 1996, contending that the order dated September 27, 1996, rendered the appeal from the order dated May 31, 1996, academic. That motion was denied by decision and order of this Court dated June 29, 1999.

This appeal from the final judgment brings up for review any order "which was adverse to the respondent on appeal from final judgment and which, if reversed, would entitle the respondent to prevail in whole or in part on that appeal" (CPLR 5501 [a] [1]). The order dated September 27, 1996, is brought up for review on this appeal from the final judgment. We have previously ruled that a hearing was warranted on the affirma-

tive defense of lack of personal jurisdiction. The order dated September 27, 1996, is inconsistent with that determination and with the final judgment before us on this appeal. Accordingly, the order dated September 27, 1996, is vacated.

We note that the plaintiff does not challenge the factual finding made after the hearing that Botton was improperly served by delivery of the summons and complaint to a location which was not his actual place of business. Accordingly, the judgment appealed from, which dismisses the action against Botton for lack of personal jurisdiction, is affirmed. Santucci, J. P., Goldstein, Florio and Crane, JJ., concur.